MELVIN RICHARDSON, APPELLEE, V. HAROLD CLARKE, DIRECTOR
OF DEPARTMENT OF CORRECTIONAL SERVICES, AND DEPARTMENT
OF CORRECTIONAL SERVICES, AN AGENCY OF THE STATE OF
NEBRASKA, APPELLANTS.
ROBERT E. STERLING, APPELLEE, V. HAROLD CLARKE, DIRECTOR
OF DEPARTMENT OF CORRECTIONAL SERVICES, AND DEPARTMENT
OF CORRECTIONAL SERVICES, AN AGENCY OF THE STATE OF
NEBRASKA, APPELLANTS.

512 N.W.2d 653

Filed February 15, 1994. Nos. A-93-626, A-93-627.

Don Stenberg, Attorney General, and Laurie Smith Camp for appellants.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos for appellees.

SIEVERS, Chief Judge, and IRWIN and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.
These appeals cause us to examine the liberalization of the

good time laws enacted by the Legislature in 1992. These two consolidated appeals question the method of awarding good time credits to prisoners with pending appeals when the good time provisions are revised by the Legislature during the pendency of their appeals. The trial court found in each case that the new good time law was applicable to each prisoner and ordered Harold Clarke, director of the Department of Correctional Services, and the Department of Correctional Services (Department) to recalculate the prisoners' sentences pursuant to the new law. Clarke and the Department appeal the orders of the district court requiring them to redetermine the parole eligibility and tentative release dates for the sentences of Melvin Richardson and Robert E. Sterling. For the reasons recited below, we affirm.

## FACTS

Richardson was sentenced on June 15, 1992, to a term of imprisonment of not less than 4 nor more than 10 years. Richardson appealed the sentence to the Nebraska Court of Appeals. The Court of Appeals summarily affirmed the sentence and issued a mandate on October 21, 1992. Richardson was incarcerated during the pendency of the appeal. Clarke and the Department determined his parole eligibility date and tentative release date during this time pursuant to Nebraska's good time statute found at Neb. Rev. Stat. § 83-1,107 (Reissue 1987). During the pendency of Richardson's appeal, the good time statute was amended and liberalized by 1992 Neb. Laws, L.B. 816, § 2, which became law on July 15, 1992. Neb. Rev. Stat. § 83-1,107 (Cum. Supp. 1992). On October 1, 1992, Richardson filed a petition for a declaratory judgment, asking the district court to order Clarke and the Department to redetermine his parole eligibility and tentative release dates pursuant to the provisions of L.B. 816. The district court found that the sentence did not become final until the appeal was determined and ordered Clarke and the Department to recalculate Richardson's parole eligibility and tentative release dates in accordance with L.B. 816. Clarke and the Department timely appealed.

Sterling was sentenced on January 22, 1992, to a term of

imprisonment of not less than 20 months nor more than 5 years. Sterling appealed his sentence in February. The mandate of the Court of Appeals affirming Sterling's sentence was issued August 12, 1992, after the July 15, 1992, effective date of L.B. 816, § 2. Sterling was incarcerated pending his appeal and filed a petition for declaratory judgment, asking the court to order Clarke and the Department to redetermine his parole eligibility and tentative release dates pursuant to the provisions of L.B. 816. The district court held that the sentence did not become final until the appeal was determined and ordered Clarke and the Department to recalculate Sterling's earliest parole eligibility and tentative release dates pursuant to L.B. 816.

At oral argument, counsel for Clarke and the Department suggested that this court may lack subject matter jurisdiction because the State has not waived its sovereign immunity under the Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 1989, Cum. Supp. 1992 & Supp. 1993). See, also, *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993). Opposing counsel suggested that the only remedy available to a prisoner regarding the inappropriate determination of his or her parole eligibility and tentative release dates is to file a petition for a declaratory judgment and that this method has been accepted by the Nebraska Supreme Court in many prior cases. We note that both prisoners have asserted that these cases contain a constitutional component. The prisoners claim that their right to equal protection is violated if they are denied the application of the new liberal good time provisions merely because of their inability to post bond pending appeal, compared to wealthier defendants who are able to avoid incarceration during the pendency of their appeals. It is undisputed that the group not incarcerated pending appeal will enjoy the benefit of the liberalized good time law if their convictions are affirmed and their incarceration commences after July 15, 1992. The prisoners thus argue that the rules of Clarke and the Department violated constitutional provisions guaranteeing equal protection.

When Clarke and the Department decided to determine the length of these sentences pursuant to § 83-1,107 (Reissue 1987) rather than the new law, the decision was a "standard issued by

an agency . . . designed to implement, interpret, or make specific the law" administered by it. Neb. Rev. Stat. § 84-901 (2) (Reissue 1987). The validity of this issuance may be determined by filing a properly framed petition for a declaratory judgment in Lancaster County. Neb. Rev. Stat. § 84-911 (Reissue 1987). See, also, *Riley v. State, supra*; *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 505 N.W.2d 654 (1993).

■ The Administrative Procedure Act provides that "[t]he court shall declare the rule or regulation invalid if it finds that it violates constitutional provisions . . . ." § 84-911(2). These cases raise equal protection issues which are claimed violations of constitutional provisions. Although we decide these cases based on statute and precedent, the precedent relied upon is grounded in constitutional law. After having reviewed the law in this area, this court holds that these prisoners are entitled to bring a declaratory judgment action against Clarke and the Department in connection with the proper application of the good time statutes. We reject the State's argument that the district court lacked subject matter jurisdiction to hear this case.

## SCOPE OF REVIEW

■ In an appeal from a declaratory judgment, the Nebraska Supreme Court and this court, regarding questions of law, have an obligation to reach their conclusions independent from the conclusion reached by the trial court. *State Bd. of Ag. v. State Racing Comm.*, 239 Neb. 762, 478 N.W.2d 270 (1992); *State ex rel. Spire v. Northwestern Bell Tel. Co.*, 233 Neb. 262, 445 N.W.2d 284 (1989).

## ANALYSIS

■ It is well settled that when an amendment of a criminal statute affects the length of a sentence which may be imposed under that statute, and this amendment occurs while a criminal case is pending appeal, the final punishment and sentence are those provided for by the amended act. *State v. Rubek*, 189 Neb. 141, 201 N.W.2d 255 (1972); *State v. Goham*, 187 Neb. 34, 187 N.W.2d 305 (1971). While we recognize that the facts in the cases before us do not concern the statutorily prescribed length

of a sentence for a specific crime, we find the reasoning behind these prior cases to be persuasive and applicable.

 To create finality in a criminal case, it is necessary that there be a judgment of conviction, followed by a sentence. For the purpose of appeal in a criminal case, it is the sentence which is the judgment. *State v. Foster*, 239 Neb. 598, 476 N.W.2d 923 (1991). The Nebraska Supreme Court has held that a sentence is not a final judgment until the entry of the final mandate of an appellate court. See, *State v. Warner*, 192 Neb. 438, 222 N.W.2d 292 (1974); Neb. Rev. Stat. § 29-2301 (Cum. Supp. 1992) (providing that "the execution of the sentence or judgment shall be suspended until such time as the appeal has been determined"). See, also, *State v. Schall*, 234 Neb. 101, 449 N.W.2d 225 (1989) (stating that a defendant has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired). Therefore, the determination of parole eligibility and tentative release dates for the sentence imposed is dependent upon the entry of a final judgment, or sentence, against the defendant. See *Moscone v. Manson*, 185 Conn. 124, 440 A.2d 848 (1981) (holding that statutory good time credits must be calculated under the law in effect at the time of resentencing after an appeal of the sentence is determined). The law in effect when both of these sentences were finally determined was 1992 Neb. Laws, L.B. 816, § 2. See *State v. Warner, supra*.

Clarke and the Department rely on *Boston v. Black*, 215 Neb. 701, 340 N.W.2d 401 (1983), in which the Nebraska Supreme Court stated that, with regard to the calculation of good time credits for offenders who had incurred additional sentences due to additional judgments, the date of an offender's initial incarceration is the date on which service of his consolidated sentence is deemed to begin. For consolidated sentences, good time applicable to the initial sentence is applicable to the entire sentence. *Boston* deals with the circumstance of a consolidated sentence and does not address the question of the finality of the initial sentence when the law is revised during pendency of the appeal of the initial sentence where there is no consolidation and is thus inapplicable to the instant cases.

The district court rulings were correct, and the orders are affirmed.

AFFIRMED.