IN RE ESTATE OF HANS A. ANDERSEN, DECEASED.
DONALD G. ANDERSEN, PERSONAL REPRESENTATIVE OF THE
ESTATE OF HANS A. ANDERSEN, DECEASED, APPELLANT,
V. LYMAN-RICHEY CORPORATION, APPELLEE.

572 N.W. 2d 93

Filed January 16, 1998.   No. S-96-197.

Thomas F. Hoarty, Jr., and Robert C. McGowan, Jr., of McGowan & Hoarty, for appellant.

Jeffrey D. Toberer and Jennifer W. Jerram, of Kennedy, Holland, DeLacy & Svoboda, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, and MCCORMACK, JJ.

WHITE, C.J.

Appellee, Lyman-Richey Corporation, petitions for further review of a memorandum decision of the Nebraska Court of

Appeals, filed May 20, 1997, which directed the Douglas County Court to dismiss Lyman-Richey's claim against the estate of Hans A. Andersen, holding that the county court lacked subject matter jurisdiction.

Hans A. Andersen (Andersen) and Lee Andersen were married in January 1956. Lee Andersen filed a petition for divorce from Andersen in Douglas County District Court in January 1958. The district court entered a decree of dissolution in February 1958. Shortly after the divorce decree was entered, Lee Andersen resumed living with Andersen. She testified that her attorney at the time told her that if she did so, the parties were still married, since 6 months had not passed since the decree. The two continued to live together for nearly 38 years.

In 1965, Andersen completed an application for employment with Lyman-Richey. On his application, Andersen checked a box indicating that he was divorced. In 1985, Andersen applied for health insurance benefits from a group plan through Lyman-Richey. Lyman-Richey offered health and accident coverage as well as prescription drug benefits to spouses and other dependents of its employees. The insurance plan is administered by Mutual of Omaha. Andersen listed Lee Andersen as his spouse and dependent on the application. Before Andersen retired on May 31, 1991, he filed a retirement benefits package application with Lyman-Richey on May 4, listing Lee Andersen as his spouse. Lee Andersen later elected to continue her health benefits coverage. From 1982 until the end of 1993, Lyman-Richey paid out a total of $156,431.56 in insurance benefits under the plan for Lee Andersen.

In April 1991, Andersen contacted attorney Robert Peterson to prepare a last will. Peterson wrote Andersen a letter that same month advising Andersen that his investigation revealed Andersen and Lee Andersen were no longer married. Peterson prepared a will for Andersen, executed May 8, 1991, which recited that Andersen was a single man, having been divorced in 1958. It was during income tax time in 1993 that Andersen told Lee Andersen for the first time that they were not married.

Andersen died February 7, 1995. His son, Donald G. Andersen (appellant), was appointed personal representative of the estate. On or about April 15, Lee Andersen informed

Lyman-Richey that she and Andersen were not married during the time Lyman-Richey paid her benefits. The claims bar date on Andersen's estate was April 17. Lyman-Richey filed an application for leave to file claim out of time on May 11. Following a hearing on July 20, the Douglas County Court granted Lyman-Richey leave to file a claim out of time against Andersen's estate.

Lyman-Richey filed a claim on July 26, 1995, for $151,964.83, the net amount in benefits it paid to Lee Andersen from 1982 through 1993. The claim was disallowed by appellant. Lyman-Richey then filed a petition for allowance of claim, wherein it alleged that Andersen had fraudulently misrepresented his marital status on his benefits application. Lyman-Richey also filed a motion for summary judgment on its claim. The county court granted summary judgment in favor of Lyman-Richey in the amount of $151,665.33, and appellant then appealed to the Court of Appeals.

On appeal, appellant claimed that the Douglas County Court lacked subject matter jurisdiction to adjudicate Lyman-Richey's claim. Both parties acknowledged that the benefits plan was governed by the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. (1994). In its memorandum opinion, the Court of Appeals found that Lyman-Richey's state-law tort claim of fraudulent misrepresentation was within the exclusive jurisdiction of the federal courts, since it related to the employee benefits plan. Thus, the Court of Appeals held that Lyman-Richey's claim was explicitly preempted by the language of ERISA at § 1144(a). Accordingly, the Court of Appeals remanded the cause to the Douglas County Court with directions to dismiss. We granted further review.

Lyman-Richey assigns as error the holding that the county court lacked subject matter jurisdiction over its claim against the estate and the dismissal of a claim based upon a fraudulent misrepresentation by an employee to obtain health insurance benefits from his employer.

The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusion independent from a trial court. *State v. Gibbs, ante* p. 241, 570 N.W.2d 326 (1997); *Chrysler Corp. v. Lee Janssen Motor Co.*, 248 Neb. 281, 534 N.W.2d 568 (1995).

Even though an extrajudicial act of a lower court cannot vest an appellate court with jurisdiction to review the merits of an appeal, the appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power, that is, the subject matter jurisdiction, to enter the judgment or other final order sought to be reviewed. *State v. Jacques, ante* p. 247, 570 N.W.2d 331 (1997); *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994). A ruling made in the absence of subject matter jurisdiction is a nullity. *Billups v. Scott, ante* p. 293, 571 N.W.2d 607 (1997); *Zeeb v. Delicious Foods*, 231 Neb. 358, 436 N.W.2d 190 (1989).

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." § 1144(a). The federal act also states that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary [or] fiduciary . . . ." § 1132(e)(1).

There is no dispute that the benefits plan in this case is governed by ERISA. Therefore, we are presented with a question of law as to jurisdiction, which requires us to reach a conclusion independent of the Court of Appeals. *Gibbs, supra*; *Chrysler Corp., supra.*

The question before us is whether Lyman-Richey's state common-law tort claim of fraudulent misrepresentation "relate[s] to" its employee benefit plan within the meaning of ERISA's preemption clause.

The U.S. Supreme Court has held that the "relate to" provision of ERISA's preemption clause has " 'a "broad scope," . . . and an "expansive sweep," . . . it is "broadly worded," . . . "deliberately expansive," . . . and "conspicuous for its breadth," . . . .' " (Citations omitted.) *California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 117 S. Ct. 832, 837, 136 L. Ed. 2d 791 (1997) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992)). A law "relates to" an employee benefit plan within the meaning of the ERISA preemption provision if it has connection with or reference to such plan. *Dillingham Constr., N.A., Inc., supra.*

Common-law tort and contract claims have been held to fall within ERISA's broad preemption provision. See, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 43, 107 S. Ct. 1549, 95 L. Ed. 2d 39 (1987) (ERISA preempts "state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan"). See, also, *Painter v. Golden Rule Ins. Co.*, 121 F.3d 436 (8th Cir. 1997) (state-law claim for tortious mishandling of benefit claim preempted); *Shea v. Esensten*, 107 F.3d 625 (8th Cir. 1997) (fraudulent nondisclosure and misrepresentation of health benefits claim preempted); *Howe v. Varity Corp.*, 36 F.3d 746 (8th Cir. 1994) (state-law claim of fraudulent misrepresentation preempted), *aff'd* 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996).

A state common-law claim is preempted if the complaint makes specific reference to, and indeed is premised on, the existence of a plan. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990). "Because the court's inquiry must be directed to the plan, this judicially created cause of action 'relate[s] to' an ERISA plan." 498 U.S. at 140.

The record shows that Lyman-Richey's petition for allowance of claim makes specific reference to the benefits plan and claims that Andersen fraudulently misrepresented his marital status in applying for benefits under the plan. Determining whether Andersen defrauded the plan inevitably will require the court to examine the terms of the plan. Therefore, Lyman-Richey's claim relates to the plan under the meaning of ERISA's preemption clause, and the county court is without jurisdiction to decide the merits of Lyman-Richey's claim.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

AFFIRMED.

STEPHAN, J., not participating.