JOHN A. LOGAN, APPELLANT, V. DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEBRASKA ET AL., APPELLEES.
578 N.W. 2d 44

Filed May 22, 1998.    No. S-96-902.

John Jedlicka for appellant.

Don Stenberg, Attorney General, and Melanie J. Whittamore-Mantzios for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

Wright, J.

## NATURE OF CASE

John A. Logan brought this action for declaratory judgment in Lancaster County District Court against the Department of Correctional Services of the State of Nebraska (Department); Harold W. Clarke, director of the Department; and Frank Hopkins, warden (all three collectively referred to as "the defendants"). Logan requested a determination concerning how three sentences imposed on him by other Nebraska courts should be interpreted. The district court determined that there had been no waiver of the state's sovereign immunity and that the court had no jurisdiction to hear the action. Accordingly, the district court sustained a demurrer filed by the defendants. Logan elected to stand on his petition, which was dismissed, and he appeals.

## SCOPE OF REVIEW

The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusion independent from a trial court. *In re Estate of Andersen*, 253 Neb. 748, 572 N.W.2d 93 (1998).

The use and determination of a demurrer in actions for declaratory judgment are controlled by the same principles as apply in other cases. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994).

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Lawry v. County of Sarpy, ante* p. 193, 575 N.W.2d 605 (1998); *Pratt v. Nebraska Bd. of Parole*, 252 Neb. 906, 567 N.W.2d 183 (1997).

In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the trial court. *County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995).

## FACTS

Logan received the following sentences of imprisonment: (1) 5 to 10 years, Rock County, sentenced on March 13, 1995; (2)

5 to 10 years, Knox County, sentenced on May 1, 1995, to be served concurrently with the Rock County sentence; (3) 5 years, Madison County, sentenced on May 1, 1995, to be served concurrently with the Rock County sentence; and (4) 3 to 5 years, Lancaster County, sentenced on May 23, 1995, to be served consecutively to any other sentence. The Madison County and Knox County sentences, which were both imposed by Judge Richard P. Garden, were silent as to how they related to each other.

By letter dated August 28, 1995, which is attached to Logan's petition, the Department advised Logan's attorney that "[s]ince the court did not specifically state the manner in which the [Knox County] and [Madison County] sentences were to run in relation to each other, we have no choice but to run these sentences consecutively to each other." The Department relied upon our decision in *Nelson v. Wolff*, 190 Neb. 141, 142-43, 206 N.W.2d 563, 564 (1973), which states: " 'When sentence is pronounced upon one already serving a sentence from another court, the second sentence does not begin to run until the sentence which the prisoner is serving has expired, unless the court pronouncing the second sentence specifically states otherwise.' " The Department determined that the combined total term of the Knox County, Madison County, and Lancaster County sentences was 8 to 15 years.

Logan's petition for declaratory relief alleged that while he was serving the Rock County sentence, charges were also pending in Knox and Madison Counties. In both Knox and Madison Counties, plea agreements were reached wherein the State would recommend in each county that the sentence run concurrently with the Rock County sentence. At the time of the plea agreements, it was unclear whether Knox County or Madison County would sentence Logan first. The petition alleged that Logan was sentenced in Madison County immediately before Knox County. Neither the Knox County sentence nor the Madison County sentence mentioned how it was to be served in relation to the other, but both were to run concurrently with Logan's sentence in Rock County.

Logan alleged that the Department's interpretation was contrary to the duties imposed upon the defendants under Neb. Rev.

Stat. §§ 29-2401 (Reissue 1995) and 83-1,118(4) (Reissue 1994) and that such interpretation violated his right to due process. He claimed that by misapplying state and federal law, the defendants gave Logan a greater term than actually imposed by Judge Garden and that the defendants violated the Due Process Clauses of the state and federal Constitutions. Logan requested an evidentiary hearing and a declaration of the rights and duties of the respective parties under the applicable statutes and constitutional provisions.

The defendants demurred on the grounds that the district court lacked jurisdiction over the defendants as a result of the state's sovereign immunity. The defendants also claimed that the district court lacked subject matter jurisdiction over the interpretation and application of criminal sentences ordered by the district courts for Knox County and Madison County.

### ASSIGNMENT OF ERROR
Logan asserts that the district court erred in sustaining the defendants' demurrer.

### ANALYSIS
The defendants' demurrer alleged that Logan's declaratory judgment action was barred by the state's sovereign immunity. Lack of jurisdiction is a proper ground for demurrer to a petition. See, Neb. Rev. Stat. § 25-806 (Reissue 1995); *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 505 N.W.2d 654 (1993).

Neb. Const. art. V, § 22, provides: "The state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought." This provision of the constitution is not self-executing, and legislative action is necessary to waive the state's sovereign immunity. *Concerned Citizens v. Department of Environ. Contr., supra.* A waiver of sovereign immunity is found only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994); *Concerned Citizens v. Department of Environ. Contr., supra.* "Just as an appellate court must determine the scope of review in an action for declaratory judgment

from the nature of the dispute, so does such a court determine whether sovereign immunity lies." *County of Lancaster v. State*, 247 Neb. 723, 726, 529 N.W.2d 791, 793 (1995).

In *County of Lancaster*, we stated that the state's immunity from suit is unaffected by declaratory judgment statutes. Nebraska's Uniform Declaratory Judgments Act does not waive the state's sovereign immunity, and a plaintiff who seeks declaratory relief against the state must find authorization for such remedy outside the confines of the Uniform Declaratory Judgments Act.

Logan asserts that his action for declaratory judgment is permitted by Neb. Rev. Stat. § 84-911 (Reissue 1994). The express language of § 84-911 demonstrates the Legislature's intent to waive the state's sovereign immunity regarding questions construing the validity of administrative rules and regulations. *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993). Section 84-911 provides in part:

> The validity of any rule or regulation may be determined upon a petition for a declaratory judgment thereon addressed to the district court of Lancaster County if it appears that the rule or regulation or its threatened application interferes with or impairs or threatens to interfere with or impair the legal rights or privileges of the petitioner.

We thus consider whether Logan's petition relates to a rule or regulation of the Department or the Department's threatened application of such rule or regulation which would interfere with, impair, or threaten Logan's legal rights or privileges. Neb. Rev. Stat. § 84-901(2) (Reissue 1994) states in part: "Rule or regulation shall mean any rule, regulation, or standard issued by an agency, including the amendment or repeal thereof whether with or without prior hearing and designed to implement, interpret, or make specific the law enforced or administered by it or governing its organization or procedure."

In arguing that his petition relates to a rule or regulation of the Department, Logan relies upon a decision by the Nebraska Court of Appeals in *Richardson v. Clarke*, 2 Neb. App. 575, 512 N.W.2d 653 (1994). In *Richardson*, inmates brought a declaratory judgment action against the Department and its director, seeking recalculation of their sentences pursuant to newly

imposed "good time laws." The Department had determined the inmates' parole eligibility and tentative release dates pursuant to Neb. Rev. Stat. § 83-1,107 (Reissue 1987), the statute in effect at the time of sentencing, rather than applying the later version of the statute. The Court of Appeals concluded that the action was not barred by sovereign immunity because the case fell under the limited waiver granted by § 84-911. The Court of Appeals stated: "When Clarke and the Department decided to determine the length of these sentences pursuant to § 83-1,107 (Reissue 1987) rather than the new law, the decision was a 'standard issued by an agency . . . designed to implement, interpret, or make specific the law' administered by it." *Richardson*, 2 Neb. App. at 577-78, 512 N.W.2d at 655, quoting § 84-901(2) (Reissue 1987).

In *Perryman v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 66, 568 N.W.2d 241 (1997), an inmate filed a petition for declaratory judgment, requesting that the district court determine whether the Department could revoke his good time credits based on a letter by Nebraska's Attorney General interpreting Neb. Rev. Stat. § 28-416 (Supp. 1993) to the effect that inmates serving mandatory minimum terms could not be paroled unless they had served the entire mandatory minimum term without good time. In response to the Attorney General's letter, the director of the Department informed the records administrator for the Department that effective immediately the application of good time toward mandatory minimum sentences imposed for certain drug offenses was to be discontinued. We determined that the state had not waived its sovereign immunity, holding that the director's memorandum did not constitute a rule, regulation, or standard under § 84-911. We distinguished *Richardson* "because it involved the judicial interpretation of a standard, not a statute." *Perryman*, 253 Neb. at 70, 568 N.W.2d at 245.

Logan's petition alleged that the Department had misapplied state and federal law. The Department's interpretation of Logan's sentences was based upon its understanding of the law set forth in *Nelson v. Wolff*, 190 Neb. 141, 206 N.W.2d 563 (1973). Logan does not allege that the Department's decision related to any rule or regulation issued by the Department. He

does not even allege a general standard followed by the Department. Clearly, this is not a matter which deals with the validity of any rule or regulation for purposes of the Administrative Procedure Act, and § 84-911 does not apply so as to waive the state's sovereign immunity and authorize Logan's declaratory judgment action against the Department.

Having determined that Logan's action as against the Department is barred by sovereign immunity, we next address whether the action can still be maintained against the state officers named in the action. In other words, we must determine whether the declaratory judgment action against the individual officers is in reality an action against the state and, therefore, barred by sovereign immunity. See *County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995).

A declaratory or other equitable action against a state officer or agent attacking the constitutionality of a statute or seeking relief from an invalid act or an abuse of authority by an officer or agent is not a suit against the state and is therefore not prohibited by principles governing sovereign immunity. *Galyen v. Balka*, 253 Neb. 270, 570 N.W.2d 519 (1997); *County of Lancaster v. State, supra*; *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 505 N.W.2d 654 (1993). This is true because acts of state officers not legally authorized, or which exceed or abuse the authority conferred upon them, are judicially regarded as their own acts and not acts of the state. *Id.* A declaratory judgment action seeking to compel affirmative action on the part of a state official is barred by the doctrine of sovereign immunity; if such a suit simply seeks to restrain the state official from performing affirmative acts, it is not within the rule of immunity. *County of Lancaster v. State, supra.*

Logan argues that he does not seek affirmative relief, but, instead, seeks to prevent the Department from misapplying the law. We note that Logan's petition asserts that the defendants "have failed, refused, and neglected to grant this plaintiff the benefits of the order Judge Garden imposed . . . in violation of Mr. Logan's right to Due Process of Law and his rights under Neb. Rev. Stat. Section 29-2,401 and Section 83-1,118(4)." His petition further alleges that by misapplying state and federal law, the Department gave Logan a sentence greater than that

actually imposed by Judge Garden. In his petition, Logan does not attack the constitutionality of a statute, nor does he allege that the defendants have exceeded or acted outside their statutory authority.

Relying on our decision in *County of Lancaster*, the district court concluded that Logan's petition was a request for affirmative relief. The district court stated:

> *Lancaster County* held that actions of this nature, which allege that state officials neglected or refused their statutorily imposed duties, are construed as a suit against the state. As a result, because the action in this case alleges the same type of refusal and neglect as in *Lancaster County*, it must also be construed as a suit against the state requiring a waiver of immunity.

In *County of Lancaster*, the county sought a declaratory judgment that the Nebraska Department of Public Institutions had to accept people committed to the department by the Lancaster County Mental Health Board. We held that the suit against the individuals which sought to compel affirmative action was within the rule of immunity and that the district court did not have jurisdiction to determine the issue. However, we recognized that suits which simply seek to restrain state officials from performing affirmative acts are not within the rule of immunity.

In determining whether the defendants' demurrer should have been sustained, we look at whether Logan seeks to compel affirmative action on the part of state officials which is within the rule of immunity or, instead, seeks to restrain state officials from performing affirmative acts which are not within the rule of immunity. A demurrer reaches an instrument filed with a petition and made a part thereof but does not admit any construction placed on any instrument pled and set forth in the petition. In determining whether a demurrer should be sustained, the trial court may construe an instrument made part of the petition. *Pratt v. Nebraska Bd. of Parole*, 252 Neb. 906, 567 N.W.2d 183 (1997); *Clyde v. Buchfinck*, 198 Neb. 586, 254 N.W.2d 393 (1977). When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law

and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Lawry v. County of Sarpy, ante* p. 193, 575 N.W.2d 605 (1998); *Pratt v. Nebraska Bd. of Parole, supra.*

In summary, Logan's petition sets forth the sentences he received and how the Department intends to interpret his terms of imprisonment. Attached to the petition is the letter from the Department dated August 28, 1995, which sets forth the Department's interpretation of the sentences. It is clear from the letter that no action has yet been taken concerning whether the Knox County sentence will be served consecutively to the Madison County sentence. The petition ultimately requests that the officers of the Department be prevented from requiring that the sentences from Knox County and Madison County be served consecutively to each other. Thus, Logan's action seeks to restrain state officials from performing affirmative acts which he alleges would be invalid and an abuse of authority. Therefore, the action as against Clarke and Hopkins is not barred by sovereign immunity.

One issue regarding jurisdiction remains. The demurrer alleged that the district court lacked subject matter jurisdiction over the interpretation and application of criminal sentences imposed in Knox County and Madison County. We have previously held that the sentencing court is, in limited circumstances, the court of proper jurisdiction to determine the constitutional validity of a prior plea-based conviction and to hear a motion to revoke probation. See, *State v. Reimers*, 242 Neb. 704, 496 N.W.2d 518 (1993); *State v. Daniels*, 224 Neb. 264, 397 N.W.2d 631 (1986). However, the case at hand does not involve such issues. Rather, at issue is the state officials' intended implementation of the sentences imposed on Logan. Logan seeks to restrain such officials from having him serve the Knox County and Madison County sentences consecutively to each other when the district court required that the Knox County and Madison County sentences be served concurrently with the Rock County sentence. We conclude that the district court has subject matter jurisdiction over Logan's declaratory judgment action against the named state officials.

Logan was sentenced to 5 to 10 years' imprisonment in Rock County. The sentences in Knox County and Madison County are to be served concurrently with the Rock County sentence. The question remains, How can the sentences in Knox County and Madison County be served concurrently with the sentence in Rock County and yet be served consecutively to each other? Since this case reaches us on a demurrer, we must remand the cause to the district court to answer this rhetorical question.

## CONCLUSION

We conclude that the district court has jurisdiction with respect to defendants Clarke and Hopkins. Therefore, we reverse the judgment and remand the cause to the district court with directions.

REVERSED AND REMANDED WITH DIRECTIONS.