LUKE T. NORTHWALL AND MALCOLM BALLINGER, APPELLANTS,
v. STATE OF NEBRASKA, DEPARTMENT OF REVENUE, AND
THOMAS J. GILLASPIE, INTERIM TAX COMMISSIONER, APPELLEES.

637 N.W.2d 890

Filed January 18, 2002. No. S-00-392.

James B. Cavanagh, of Lieben, Whitted, Houghton, Slowiaczek & Cavanagh, P.C., L.L.O., for appellants.

(1)

Don Stenberg, Attorney General, and L. Jay Bartel for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Neb. Rev. Stat. § 77-1783 (Reissue 1990) provided for sales tax to be assessed against corporate officers under certain circumstances and required that the tax owed be paid before the assessment could be challenged. The appellants, Luke T. Northwall and Malcolm Ballinger, who were corporate officers of World Radio, Inc., filed a petition in the district court seeking a declaratory judgment that World Radio did not owe sales taxes for 1990 under § 77-1783. In addition, they sought to enjoin the State from collecting any taxes owed. The court inferred from the record that the appellants had not sought review of the demand for payment made by the State of Nebraska, Department of Revenue (Department), under § 77-1783.

In 1995, this court held that § 77-1783 was unconstitutional as applied to the extent that it required any disputed tax to be paid before the assessment could be challenged. *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995).

The appellants claim that the State cannot collect the taxes that it demands because § 77-1783 has been declared unconstitutional. The Department filed a demurrer claiming in part that the district court lacked jurisdiction. The court concluded that it lacked jurisdiction to hear the appellants' claims. We affirm because the district court lacked jurisdiction to hear the appellants' claims for declaratory and injunctive relief and the appellants failed to state a claim for a refund of taxes paid.

## ALLEGATIONS

The petition alleged the following: The appellants were officers of World Radio, which was involved in the retail sale of electronic products. By reason of the operation of retail sales outlets, World Radio was obligated to collect and pay sales tax on goods sold. Before January 1989, World Radio collected and paid the appropriate sales tax.

In order to meet its financial obligations, World Radio established a line of credit with a financial institution then known as

Omaha National Bank. World Radio conducted retail sales in January 1989, for which sales tax was due on or before February 25. A check was written to pay for the January sales tax, but before the check was presented for payment, the bank unilaterally terminated World Radio's line of credit. Because of the termination of credit, the check was not honored and World Radio was unable to pay the January sales tax. World Radio also conducted retail sales in February and March, for which sales tax was owed. On March 27, World Radio filed for bankruptcy and alleged that it was prohibited by the automatic stay of the federal Bankruptcy Code from making any payment to the State for any of the sales tax owed for the months of January, February, and March 1989. World Radio has no assets available to pay the tax owed.

On November 26, 1990, the State Tax Commissioner issued a notice and demand for payment asserting that pursuant to § 77-1783, the appellants were each liable for the sales tax, penalty, and interest owed by World Radio. On November 9, 1993, the Department agreed to suspend collection efforts during an appeal of pending litigation by World Radio. In 1995, this court held that § 77-1783 was unconstitutional as applied to the appellants in that case. *Jones v. State, supra.*

On February 18, 1999, the interim State Tax Commissioner served a demand for payment to Northwall seeking recovery of the tax. In March, the Department issued notice of levy to the employer of Northwall and a bank where he maintained financial accounts. The petition does not state that the appellants ever sought to challenge the validity of the tax pursuant to the provisions of § 77-1783.

The appellants alleged that the attempt to levy and collect the tax was illegal and unauthorized because § 77-1783 has been declared unconstitutional and because they were unable to pay the tax due or post a bond at the time of the assessment. They alleged that they were without legal recourse and have no ability to exhaust any administrative remedies before the Department. They alleged that they have paid approximately $19,000 to the State and are entitled to have that money refunded. The petition does not state that the appellants filed a claim for a refund with the Department. They sought a declaration that the tax liability

against them is unconstitutional and void. They further sought a judgment requiring the Department to remove all liens against them and to refund the money they paid. The appellants also sought to enjoin the Department from levying against any of their property or attempting to collect the tax in any manner.

The Department filed a demurrer alleging that the petition showed on its face that the district court lacked jurisdiction, there was a defect of parties defendant, and the petition failed to state a cause of action. The court sustained the demurrer on multiple grounds. The court first determined that the doctrine of sovereign immunity barred the claim and stated that the Uniform Declaratory Judgments Act, Neb Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 1995 & Cum. Supp. 2000), provides no jurisdictional basis for the suit. Next, the court determined that the facts alleged in the petition demonstrated that the appellants did not attempt to challenge the validity of the tax assessments within 60 days after the demand for payment was issued as required by § 77-1783. The court further noted that the appellants' action had not been brought within 4 years if a more general statute of limitations was applied. Thus, the court determined that the appellants' action was time barred. Finally, the court found that the appellants failed to state a cause of action for injunctive relief and that the court lacked authority to refund amounts paid by the appellants because the petition failed to show that they had timely filed a refund claim with the Department.

The petition was silent regarding whether the appellants filed a claim with the Department within 60 days of receiving the first demand for payment and whether a claim for a refund was ever filed. But, the court stated that it could be inferred from the petition that the claims were never filed. At oral argument, the appellants conceded that the claims had not been filed. The court concluded that the defects in the petition could not be cured and dismissed the petition. The appellants' motion for a new trial was overruled.

## ASSIGNMENTS OF ERROR

The appellants assign, rephrased, that the district court erred in sustaining the demurrer and dismissing their petition.

## STANDARD OF REVIEW

In an appellate court's review of a ruling on a demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *J.B. Contracting Servs. v. Universal Surety Co.*, 261 Neb. 586, 624 N.W.2d 13 (2001).

When a demurrer to a petition is sustained, a court must grant leave to amend the petition unless it is clear that no reasonable possibility exists that amendment will correct the defect. *Id.*

## ANALYSIS

The appellants contend that under our decision in *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995), the taxes demanded by the Department under § 77-1783 are void and cannot be collected. The district court concluded that it did not have jurisdiction to hear the appellants' action for a declaratory judgment and injunctive relief. The court also determined that it lacked authority to hear the appellants' action seeking a refund.

### LEGAL BACKGROUND

Before proceeding, we set forth the following legal background which will be helpful in understanding the issues and resolution of this case. At the time the Department first sought to collect sales taxes from the appellants, § 77-1783 provided:

(1) Any corporate officer or employee with the duty to collect, account for, or pay over any taxes imposed upon a corporation or with the authority to decide whether the corporation will pay taxes imposed upon a corporation shall be personally liable for the payment of such taxes in the event of willful failure on his or her part to have a corporation perform such act. . . .

(2) Within sixty days after the day on which the notice and demand are made for the payment of such taxes, any corporate officer or employee seeking to challenge the Tax Commissioner's determination as to his or her personal liability for the corporation's unpaid taxes shall:

(a) Pay the full amount of the taxes or the specified minimum amount and post a bond for the remainder; and

(b) File a claim for refund for the amount so paid.

(3) If the requirements prescribed in subsection (2) of this section are satisfied, the Tax Commissioner shall abate collection proceedings and shall grant the corporate officer or employee an oral hearing and give him or her ten days' notice of the time and place of such hearing.

Under Neb. Rev. Stat. § 77-1781 (Reissue 1996), the denial of a claim for refund shall be considered a final action of the Tax Commissioner. The denial may be appealed, and the appeal shall be in accordance with the Administrative Procedure Act.

In *Jones v. State, supra,* the Department demanded payment of taxes from the Joneses as corporate officers under § 77-1783. The Joneses filed an administrative appeal and demand for hearing with the Department. The Department refused a hearing because the documents stated that the Joneses were unable to pay the taxes. The Joneses then instituted an action for declaratory and injunctive relief. They asserted a violation of due process claiming that § 77-1783(2) and (3) were unconstitutional, both facially and as applied, because the statute required them to pay the taxes as a precondition to a hearing. The district court determined that it did not have jurisdiction to grant the requested relief and dismissed the petition.

On appeal, we held that the district court lacked authority to grant an injunction but that it did have authority to order a declaratory judgment because the Joneses had no equally serviceable remedy provided by law and because a declaratory judgment is an appropriate method to challenge the constitutionality of a statute. We then held that § 77-1783 denied the Joneses due process as applied because it denied a taxpayer who is unable to pay the tax or post bond the opportunity to be heard. But we did not find § 77-1783 to be facially unconstitutional, nor did we decide the constitutionality of § 77-1783(1).

## JURISDICTION OF DISTRICT COURT TO
## ISSUE DECLARATORY JUDGMENT

The district court determined that it lacked subject-matter jurisdiction to consider the appellants' action for a declaratory judgment because there was no statutory waiver of the State's immunity from suit.

 Neb. Const. art. V, § 22, provides: "The state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought." This provision of the constitution is not self-executing, and legislative action is necessary to waive the state's sovereign immunity. *Logan v. Department of Corr. Servs.*, 254 Neb. 646, 578 N.W.2d 44 (1998).

 We have held in a tax case that the Uniform Declaratory Judgments Act is inoperative as a waiver of sovereign immunity and that a party who seeks declaratory relief against a state must find authorization for such remedy from another source. *Galyen v. Balka*, 253 Neb. 270, 570 N.W.2d 519 (1997).

In this case, the appellants brought the action against the State and the interim Tax Commissioner. The petition does not state an independent statute under which the State has waived sovereign immunity. We hold that to the extent the appellants seek a declaratory judgment that they do not owe taxes under § 77-1783, the State has not waived sovereign immunity and the district court lacked subject-matter jurisdiction.

DECLARATORY JUDGMENT ATTACKING
CONSTITUTIONALITY OF § 77-1783

 The appellants next argue that § 77-1783 is unconstitutional and denied them due process. We have held that a declaratory judgment action attacking the constitutionality of a statute or seeking relief from an invalid act or an abuse of authority by an officer or agent is not a suit against the state and is therefore not prohibited by principles governing sovereign immunity. *Galyen v. Balka, supra.* But an action for declaratory judgment does not lie where another equally serviceable remedy is available. *Galyen v. Balka, supra*; *Boettcher v. Balka*, 252 Neb. 547, 567 N.W.2d 95 (1997). One who has failed to pursue a full, adequate, and exclusive statutory remedy is not afforded an additional remedy under the Uniform Declaratory Judgments Act. *Galyen v. Balka, supra*; *Boettcher v. Balka, supra.* In *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995), the Joneses properly brought their action under the exclusive statutory remedy provided by § 77-1783 and the Department refused to afford them a hearing. Thus, the Joneses had no equally serviceable remedy available to them.

Here, the petition is silent regarding whether the appellants filed any action seeking review of the tax assessment under § 77-1783. But at oral argument, the appellants conceded that they did not file a claim under § 77-1783. Had the appellants wished to challenge the tax assessment and the constitutionality of § 77-1783, they were required to file a claim with the Department within 60 days of the demand for payment of the taxes. After a ruling by the Department on the claim or a refusal of the Department to hear the claim, an appeal could be taken through the Administrative Procedure Act, or a declaratory judgment action could be instituted to challenge the constitutionality of § 77-1783. Because the appellants failed to pursue the statutory remedy available to them under § 77-1783, they cannot seek a declaratory judgment.

We hold that the doctrine of sovereign immunity barred the appellants' declaratory judgment action on issues other than the constitutionality of § 77-1783. We further hold that the appellants could not bring a declaratory judgment action on any of the issues raised because they failed to follow the exclusive statutory remedy afforded to them under § 77-1783. Accordingly, the court was correct in determining that it lacked authority to hear the appellants' declaratory judgment action.

JURISDICTION OF DISTRICT COURT TO ISSUE INJUNCTION

The court concluded that it lacked jurisdiction to issue an injunction. We have held that injunctive relief is available where a tax is void, that is, where the taxing body does not have jurisdiction or power to impose the tax. *Jones v. State, supra.* See Neb. Rev. Stat. §§ 77-1727 (Reissue 1996) and 77-3908 (Cum. Supp. 2000). Thus, in *Jones,* where it was not argued that the Department lacked power to impose the taxes, we held that the district court did not have authority to grant injunctive relief.

Here, the appellants argue that because we found § 77-1783 unconstitutional in *Jones,* that the tax imposed by the Department is void. We disagree. In *Jones,* we did not determine that § 77-1783 was facially unconstitutional. Instead, we determined that § 77-1783(2) and (3) were unconstitutional as applied to the extent that it denied them an opportunity to be heard. In no manner did *Jones* act to void the tax owed. Indeed, the issue of

the authority of the State to impose a tax under § 77-1783(1) was not raised or addressed in *Jones*. We conclude that the appellants' argument that the *Jones* decision acted to void their tax obligation to be without merit. Accordingly, the district court was without authority to order an injunction.

### REQUEST FOR REFUND

The appellants contend that the district court erred in concluding that it lacked authority to order a refund of money they paid toward the tax owed. Neb. Rev. Stat. § 77-2708(2)(b) (Reissue 1996) pertaining to sales tax provides:

> No refund shall be allowed unless a claim therefor is filed with the Tax Commissioner by the person who made the overpayment or his or her attorney, assignee, executor, or administrator within three years from the required filing date following the close of the period for which the overpayment was made, within six months after any determination becomes final under 77-2709, or within six months from the date of overpayment with respect to such determinations, whichever of these three periods expires later, unless the credit relates to a period for which a waiver has been given. Failure to file a claim within the time prescribed in this subsection shall constitute a waiver of any demand against the state on account of overpayment.

Section 77-2708(h) provides: "No suit or proceeding shall be maintained in any court for the recovery of any amount alleged to have been erroneously or illegally determined or collected unless a claim for refund or credit has been duly filed."

In this case, the appellants have not alleged that they timely filed a claim for a refund. Accordingly, the petition fails to state a cause of action for a refund.

### DISMISSAL WITHOUT LEAVE TO AMEND

The court dismissed the petition without granting leave to amend. If, upon the sustainment of a demurrer, it is clear that no reasonable possibility exists that an amendment will correct a pleading defect, leave to amend need not be granted. *Hamilton v. Foster*, 260 Neb. 887, 620 N.W.2d 103 (2000). It is clear from the face of the petition that the appellants cannot state a cause of action for injunctive relief and that amendment of the petition

will not cure the defect. It is also clear that if the appellants did not file a claim within 60 days of first receiving a demand for payment from the Department, as required by § 77-1783, the court was without authorization to order a declaratory judgment, and amendment of the petition could not cure the defect. Likewise, if the appellants failed to file a claim for a refund under § 77-2708, the court was without authority to order a refund.

The petition was silent regarding whether the appellants ever filed claims as required by §§ 77-1783 and 77-2708. The court, however, inferred from the petition that the necessary claims had not been filed, and the appellants conceded at oral argument that the claims had not been filed. In our review of a ruling on a demurrer, we accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom. *J.B. Contracting Servs. v. Universal Surety Co.*, 261 Neb. 586, 624 N.W.2d 13 (2001). We agree that the court was correct when it inferred from the petition that the claims had not been filed. Combined with the appellants' concession at oral argument, we agree that it is clear that no reasonable possibility exists that an amendment will correct the defects in the petition. Accordingly, we conclude that the district court did not err in failing to grant leave to amend.

AFFIRMED.