757 N.W.2d 515 (2008)
17 Neb. App. 186
JHK, INC., doing business as Fast Money, et al., Appellants,
v.
NEBRASKA DEPARTMENT OF BANKING AND FINANCE, Appellee.
No. A-07-1317.
Court of Appeals of Nebraska.
November 4, 2008.
*518 Terry K. Barber, of Barber & Barber, P.C., L.L.O., Lincoln, for appellants.
Jon Bruning, Attorney General, and Fredrick F. Neid, for appellee.
INBODY, Chief Judge, and MOORE and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
A Nebraska corporation and its officers, agents, and employees filed an action in the district court, seeking review of an adverse decision by the Nebraska Department of Banking and Finance (the Department) and seeking declaratory judgment. We find statutory authority supporting the Department's refusal to transmit the official record of the proceeding before it received payment for the cost of the record from the party seeking judicial review. Because the corporation never paid any money toward the cost of preparing the record and the district court had no record to review, we affirm the court's order upholding the Department's decision. We further conclude that the court correctly determined that it lacked subject matter jurisdiction over the cause of action for declaratory judgment because the State of Nebraska did not waive its sovereign immunity. Accordingly, we affirm.

BACKGROUND
JHK, Inc., doing business as Fast Money; Jim H. Kyles, its president; William Stephan, its cashier; and all other officers, directors, employees, and agents thereof are the appellants in this matter. (We will refer to the appellants collectively as JHK except as needed to distinguish the parties.) JHK, a Nebraska corporation, was licensed to conduct a business under the Delayed Deposit Services Licensing Act, Neb.Rev.Stat. § 45-901 et seq. (Reissue 2004 & Cum. Supp. 2006) (the Act). The Department began investigating JHK following a customer complaint and ultimately discovered numerous transactions by JHK which violated the Act.
In October 2005, the Department issued an order to cease and desist directed to JHK, Kyles, and other employees. The Department ordered JHK to immediately stop allowing "`rollovers,'" charging customers a fee to extend the date for presentment of a check when the maximum fee allowed by statute had already been charged, accepting checks as repayment, refinancing or any other consolidation of a check or checks, and falsifying documents in an effort to deceive the Department.
In January 2006, JHK and the Department entered into a consent order. Pursuant to the order, JHK paid certain costs and customer reimbursements. JHK also agreed to sell its business, have the prospective new owner file an application for a new license by January 17, and operate its business subject to the provisions of the cease and desist order until a transfer of ownership occurred or, if that was denied by the Department, then either find another purchaser or cease operations. In August, the Department issued to JHK a provisional license to extend the expiration date of its license until August 31. The provisional license remained subject to the terms of the cease and desist order. In November, the Department issued an order to cease and desist requiring JHK to *519 cease operating a delayed deposit services business without a license.
On April 16, 2007, the Department issued its proposed findings of fact, proposed conclusions of law, and recommended order. It recommended that the November 2006 cease and desist order be affirmed; that JHK and Kyles, jointly and severally, pay an administrative fine of $25,000; that Stephan pay an administrative fine of $2,000; that Kyles and Stephan be prohibited from involvement with any delayed deposit services business for 7 years and 2 years, respectively; and that JHK and Kyles, jointly and severally, pay specified amounts for the Department's investigation costs, the costs of the hearing, and the hearing officer's fee. The director of the Department adopted the proposed findings of fact, proposed conclusions of law, and recommended order on April 18.
On May 17, 2007, JHK filed a complaint, titled "Petition," alleging two causes of action. In JHK's first cause of action, it sought review of the Department's final decision in accordance with the Administrative Procedure Act (APA). JHK's second cause of action requested a declaratory judgment declaring the Department's decision to be of no force and effect. JHK alleged that the Department's decision "resulted from the application of one or more standards by the [Department] which were in violation of the due process and equal protection provisions of the constitutions of both the State of Nebraska, and of the United States." In the Department's responsive pleading, it raised sovereign immunity as an affirmative defense to the declaratory judgment cause of action.
On June 20, 2007, the Department moved for an extension of time in which to submit the official record. In a letter dated June 26, 2007, counsel for the Department advised JHK's counsel that under Neb.Rev.Stat. § 84-917(4) (Cum. Supp. 2006), it was billing JHK $8,387.62 as the reasonable direct cost of preparing the official record. The Department enclosed with the letter a bill from a reporting firm pertaining to the cost of preparation of the verbatim record of the agency hearing, which contained itemized charges totaling $12,699. The bill included charges that were incurred for copying nearly 700 pages of the verbatim transcript and nearly 11,000 pages of exhibits. The Department's letter requested JHK to pay for half of the billing from the reporting firm, together with the expense of preparing the transcript of filings for 1,146 pages of pleadings. The letter advised that payment should be remitted within 10 days and that the Department would transmit the official record to the court upon payment.
On July 5, 2007, the court granted the Department's motion for an extension of time to submit the official record. The court's order noted that JHK did not oppose the motion and that § 84-917(4) expressly authorized the agency to require payment or bond prior to the transmittal of the record. Accordingly, the court extended the time to submit the record by 1 business day after JHK paid the cost of preparation of the official record.
On November 6, 2007, JHK filed a motion for leave to file the following motions out of time: a motion to expand the schedule for submission of JHK's final brief and to expand the time to submit the case for decision, a motion to review the cost of the official record, and a motion to set a trial date and to consolidate JHK's causes of action. Each motion provided notice that the motion would be heard on November 9. During the November 9 hearing, JHK asserted that the cost billed to prepare the record went "far beyond reasonable direct costs." The Department opposed JHK's motions and noted the untimeliness of the *520 motions. The court inquired whether JHK had tendered any money toward the payment of the cost of the record, including the amount that it believed to be reasonable, and JHK's counsel responded that JHK had not tendered any money. The court sustained the Department's objections to the motions as to not being timely filed. The court proceeded with "the appeal hearing" and took judicial notice of the pleadings upon the request of counsel for JHK.
On November 14, 2007, the court entered an order affirming the Department's decision. The court noted that as to the first cause of action, it had no record to review. As to the second cause of action, the court stated that it lacked jurisdiction because the State had not waived its sovereign immunity.
JHK timely appeals.

ASSIGNMENTS OF ERROR
JHK alleges, consolidated and reordered, that the court erred in (1) determining that the Department could withhold the official record absent payment by JHK, (2) sustaining the Department's objections to each of JHK's motions, (3) determining that the Department's decision should be affirmed, and (4) determining that JHK's action for a declaratory judgment should not be allowed to proceed to trial or that the Department was immune from the action.

STANDARD OF REVIEW
[1, 2] A judgment or final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Goodyear Tire & Rubber Co. v. State, 275 Neb. 594, 748 N.W.2d 42 (2008). When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Id.
[3] The disposition of procedural motions is left to the discretion of the trial court, and absent a showing of an abuse of that discretion, an appellate court will affirm the trial court's rulings regarding such motions. See Commercial Fed. Sav. & Loan Assn. v. Matt, 232 Neb. 26, 439 N.W.2d 463 (1989).
[4] A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system. Liberty Dev. Corp. v. Metropolitan Util. Dist., 276 Neb. 23, 751 N.W.2d 608 (2008).
[5] The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court. See Livengood v. Nebraska State Patrol Ret. Sys., 273 Neb. 247, 729 N.W.2d 55 (2007).

ANALYSIS

Withholding Record.
[6] JHK argues that the Department lacked authority to withhold the official record from JHK absent payment. We disagree. Section 84-917(4) provides in relevant part:
The agency shall charge the petitioner with the reasonable direct cost or require the petitioner to pay the cost for preparing the official record for transmittal to the court in all cases except when the petitioner is not required to *521 pay a filing fee. The agency may require payment or bond prior to the transmittal of the record.
As JHK points out, the statute allows the Department to require "payment or bond." JHK argues that at all material times, it was licensed under § 45-901 et seq., and that "[a]s such, it had provided a bond to [the Department] to insure its performance." Brief for appellants at 15. The bond required by § 45-906(2) is "[a] surety bond ... conditioned for the faithful performance by the licensee of the duties and obligations pertaining to the delayed deposit services business so licensed and the prompt payment of any judgment recovered against the licensee." The bond required by § 45-906(2) is completely different from the bond contemplated by § 84-917(4), and the two bonds serve different purposes. There is no dispute that JHK did not make any payment toward the cost for preparing the official record or seek to have the Department or the district court set an appropriate bond. Because the statute mandates that the Department charge JHK with costs of preparing the official record and allows the Department to require such payment prior to transmittal of the record, JHK's assignment of error is without merit.

Motions.
JHK alleges that the court erred in denying its motion for leave to file three motions out of time and denying each of the three motions it sought to file out of time: a motion to set trial and consolidate the two causes of action, a motion to review the cost of the official record, and a motion to expand the schedule for submission of the final brief and the case. JHK argues that it was unfairly deprived of a substantial right and a just result and that the Department did not show any prejudice.
[7] First, it appears that the court considered the causes of action together, and on September 13, 2007, the court set the appeal hearing for November 9. The court's final order ruled on both causes of action. The court did not abuse its discretion in denying JHK's motion to set trial and consolidate the causes of action.
[8] Second, the transcript shows that in a letter to JHK's counsel dated June 26, 2007, the Department advised that it was billing JHK $8,387.62 as the reasonable direct cost of preparing the official record. The Department included a bill from the reporting firm showing charges totaling $12,699, of which only half was included in the Department's billing to JHK. JHK took no action until filing the instant motions on November 6, 3 days before the scheduled appeal hearing. We find no abuse of discretion by the district court in sustaining the Department's objection to JHK's motion to review the cost of the record as being untimely.
[9] Finally, the court's September 13, 2007, order provided that JHK's initial brief should be filed no later than October 4 and that its reply brief should be submitted no later than November 9. JHK filed an initial brief but not a reply brief. Because the case was being submitted to the court on November 9 and JHK did not seek an extension of time until November 6, we find no abuse of discretion by the court in denying the motion. Nor did the court abuse its discretion in denying JHK's motion to file each of the above motions out of time.

Affirming Department's Decision.
[10] JHK next argues that the court erred in affirming the Department's decision. Under § 84-917(5)(a), the district court's review is de novo on the record of the agency. Because the court had no record to review other than the pleadings, *522 we find no error on the record in its affirmance of the Department's decision.

Dismissing Declaratory Judgment Action.
[11] The district court concluded that it lacked jurisdiction to consider JHK's cause of action for declaratory judgment because the State had not waived sovereign immunity, and the court cited to Perryman v. Nebraska Dept. of Corr. Servs., 253 Neb. 66, 568 N.W.2d 241 (1997), disapproved on other grounds, Johnson v. Clarke, 258 Neb. 316, 603 N.W.2d 373 (1999).
[12-14] The Nebraska Constitution provides that "[t]he state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought." Neb. Const. art. V, § 22. This provision permits the State to lay its sovereignty aside and consent to be sued on such terms and conditions as the Legislature may prescribe. Livengood v. Nebraska State Patrol Ret. Sys., 273 Neb. 247, 729 N.W.2d 55 (2007). It is not self-executing, however, but instead requires legislative action for waiver of the State's sovereign immunity. Id. Waiver of sovereign immunity will be found only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction. Id.
[15] JHK's complaint stated that its "second cause of action in [sic] brought pursuant to the Nebraska Declaratory Judgment Act." It alleged that the Department's decision resulted from the application of standards by the Department which were in violation of the due process and equal protection provisions of the state and federal Constitutions. Nebraska's Uniform Declaratory Judgments Act does not waive the State's sovereign immunity, and a plaintiff who seeks declaratory relief against the State must find authorization for such remedy outside the confines of the Uniform Declaratory Judgments Act. Logan v. Department of Corr. Servs., 254 Neb. 646, 578 N.W.2d 44 (1998). JHK's second cause of action did not allege that it was being brought under the APA; nor did it cite to an independent statute under which the State has waived sovereign immunity. See Northwall v. State, 263 Neb. 1, 637 N.W.2d 890 (2002). Because the State did not waive its immunity, the district court correctly determined that it lacked subject matter jurisdiction over JHK's second cause of action.

CONCLUSION
We conclude that the district court did not abuse its discretion in sustaining the Department's objections to JHK's untimely motions. We further conclude that the court did not err in affirming the Department's decision and that the court correctly determined that it lacked jurisdiction over JHK's cause of action under the Uniform Declaratory Judgments Act because the State did not waive its sovereign immunity.
AFFIRMED.