Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/27/2023 09:04 AM CST

Bernard Schaeffer, appellant, v. Scott Frakes,
in his official capacity as director of the
Nebraska Department of Correctional
Services, et al., appellees.

___ N.W.2d ___

Filed January 27, 2023.    No. S-21-930.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.
2. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.
3. **Claim Preclusion: Issue Preclusion.** The applicability of claim and issue preclusion is a question of law.
4. **Immunity: Jurisdiction.** Sovereign immunity is jurisdictional in nature, and courts have a duty to determine whether they have subject matter jurisdiction over a matter. Subject matter jurisdiction is a question of law.
5. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
6. **Judgments: Jurisdiction: Claim Preclusion.** Claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.
7. **Claim Preclusion.** The doctrine of claim preclusion bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.

8. ____. The doctrine of claim preclusion rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.

9. **Judgments: Claim Preclusion.** For purposes of claim preclusion, a judgment on the merits is one which is based on legal rights, as distinguished from mere matters of practice, procedure, jurisdiction, or form.

10. **Administrative Law: Immunity: Waiver: Jurisdiction: Declaratory Judgments.** Neb. Rev. Stat. § 84-911 (Reissue 2014) of the Administrative Procedure Act provides a limited statutory waiver of sovereign immunity and confers subject matter jurisdiction for a declaratory judgment concerning the validity of a state agency's rule or regulation.

11. **Administrative Law: Words and Phrases.** The Administrative Procedure Act defines a "rule or regulation" as any standard of general application adopted by an agency in accordance with the authority conferred by statute.

12. **Administrative Law: Jurisdiction: Statutes.** The Administrative Procedure Act does not confer jurisdiction for declaratory relief concerning judicial interpretation of a statute.

Appeal from the District Court for Lancaster County: Darla S. Ideus, Judge. Affirmed.

Gerald L. Soucie, of Soucie Law Office, for appellant.

Douglas J. Peterson, Attorney General, and James D. Smith, Senior Assistant Attorney General, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Funke, J.

## INTRODUCTION

Bernard Schaeffer, an inmate in the Nebraska Department of Correctional Services system, appeals the decision of the district court for Lancaster County, which dismissed his complaint with prejudice. Schaeffer sued the department and several of its officials (collectively DCS) under 42 U.S.C. § 1983 (2018) and the Administrative Procedure Act (APA) regarding his

tentative release date. The district court found that his § 1983 claims were barred by claim preclusion because they could have been raised in his prior action regarding his parole eligibility date or, alternatively, barred under *Wilkinson v. Dotson*[1] as a challenge to the fact or duration of his confinement. The district court also found that Schaeffer's APA claims were barred by sovereign immunity. Finding no error, we affirm.

## BACKGROUND

### Schaeffer's Convictions and Sentences

The facts regarding Schaeffer's three convictions and sentences are set forth in greater detail in our earlier opinion in *Schaeffer v. Frakes*.[2] For purposes of the present appeal, we note only that Schaeffer, while a juvenile, was sentenced to life imprisonment for first degree murder in Hall County, Nebraska, in 1977. In 1979, he was sentenced to 1 to 2 years' imprisonment for assault in Lancaster County, Nebraska. In 1983, he was sentenced to 12 to 40 years' imprisonment for another assault in Lancaster County. Each assault sentence was ordered to be served consecutively to his other sentences. DCS combined these sentences into a single sentence of imprisonment for life plus 13 to 42 years.

Schaeffer subsequently sought postconviction relief from the district court in Hall County. His first motion was denied without an evidentiary hearing.[3] However, his second motion, alleging that his life sentence was void or voidable under *Miller v. Alabama*[4] and related cases, resulted in his murder sentence being vacated in 2016. In 2017, he was resentenced to 70 to 90 years' imprisonment, with credit for time served

---

[1] *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).

[2] *Schaeffer v. Frakes*, 306 Neb. 904, 947 N.W.2d 714 (2020).

[3] *State v. Schaeffer*, 218 Neb. 786, 359 N.W.2d 106 (1984).

[4] *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

since his arrest in 1977. Schaeffer filed a direct appeal but later moved to dismiss it.

## § 1983 Suit Regarding Parole
## Eligibility Date

Schaeffer then sued DCS under § 1983 regarding his parole eligibility date. DCS determined that Schaeffer was not eligible for parole until February 20, 2033, based on 1975 Neb. Laws, L.B. 567, the good time law in effect when he was initially sentenced. However, Schaeffer asserted that his parole eligibility date should have been November 28, 2018, based on 2011 Neb. Laws, L.B. 191, the good time law in effect when he was resentenced. Schaeffer sought a declaration that DCS' determination of his parole eligibility date violated his rights under the 8th and 14th Amendments to the U.S. Constitution, as well as an order barring DCS from enforcing the 2033 date.

The district court dismissed Schaeffer's complaint without prejudice for failure to state a claim upon which relief can be granted, because it viewed his assertion of an earlier parole eligibility date as an attack on the duration of his confinement. As such, it found that Schaeffer's action was barred because *Wilkinson* prohibits an inmate in state custody from using a § 1983 action to challenge "'the fact or duration of his confinement.'"[5] Schaeffer appealed, and we affirmed without reaching that issue. Instead, we found that Schaeffer "failed to adequately allege that his federal constitutional rights were violated."[6]

## Current Suit Regarding
## Tentative Release Date

Schaeffer next sued DCS under § 1983 and the APA, alleging that DCS violated his 8th and 14th Amendment rights to

[5] *Wilkinson, supra* note 1, 544 U.S. at 78.

[6] *Schaeffer, supra* note 2, 306 Neb. at 905, 947 N.W.2d at 718.

have "his sentence determined consistent with the statutes and case law of Nebraska." DCS determined that Schaeffer's tentative release date was October 21, 2043, although he asserted that it should have been no later than May 26, 2022. Schaeffer argued that when his murder sentence was vacated, it no longer existed as a matter of law, and that his assault sentences became effective as of the dates when they were imposed. As a result, he argued, his assault sentences have been completed, and DCS cannot "combine" them with his murder sentence when determining his tentative release date. He also argued that he is entitled to good time under the more liberal good time law in effect when he was resentenced, rather than the good time law in effect when he was initially sentenced.

With his § 1983 claims, Schaeffer sought a declaration that DCS must issue discharge certificates for his assault sentences and implement his murder sentence under the later good time law. Relatedly, with his APA claims, he sought a declaration that the "'threatened application' of his tentative discharge date" as determined by DCS under its policy No. 104.08 (Policy 104.08) would violate his constitutional rights. Policy 104.08 states, in relevant part, that there are "seven separate active Nebraska laws . . . governing the release of every inmate committed to [DCS]" and that these statutes, together with the opinions of the Nebraska courts and the Attorney General, "form the basis for all time calculations." (Emphasis omitted.)

DCS moved to dismiss Schaeffer's complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) and (6) because of, alternatively, sovereign immunity, failure to state a claim, or claim preclusion. Schaeffer, in turn, sought partial summary judgment regarding the discharge of his assault sentences. The parties filed briefs, which apparently discussed 68 Neb. Admin. Code, ch. 1 (2008), as well as Policy 104.08. However, those briefs are not part of the record on appeal.

At the hearing on the motion to dismiss, DCS argued that the entire matter was barred by claim preclusion, because Schaeffer could have raised his claims regarding his tentative release date in his prior action regarding his parole eligibility date. DCS also argued that Schaeffer's § 1983 claims are barred under *Wilkinson*. In addition, DCS argued that if Schaeffer's APA claims are not subject to claim preclusion, they fail, because Schaeffer does not challenge the validity of a rule or regulation, but, rather, the application of the law to determine his tentative release date. DCS asserted that Schaeffer keeps coming up with "new theories" to "litigate the same issue" as to the duration of his imprisonment.

Schaeffer countered that "[t]his case is entirely different" from his prior action regarding his parole eligibility date, because it rests on an "entirely different theory involving a different statute." Schaeffer asserted that if he had prevailed in the prior action, he would not necessarily have been released; however, if he prevailed now, "he should be getting out." Schaeffer conceded that he was not trying to invalidate a rule or regulation but argued that the APA permits challenges where the threatened application of a rule or regulation interferes with the petitioner's legal rights. He maintained that DCS' rules and regulations call for DCS "to follow [State] statutes" and that DCS failed to do so, thereby depriving him of his liberty.

The district court agreed with DCS. It found that Schaeffer's § 1983 claims were subject to claim preclusion, because a court of competent jurisdiction rendered a final judgment on the merits in his challenge to his parole eligibility date and the same parties or their privies were involved in both actions. It also found that Schaeffer could have raised his claims regarding his tentative release date in the prior action. In addition, the court found that Schaeffer's § 1983 claims were barred under *Wilkinson* because "he is challenging the very fact or duration of his confinement and seeking earlier release." Further, it found that Schaeffer's APA claims, which it construed to

encompass both Policy 104.08 and 68 Neb. Admin. Code, ch. 1, were foreclosed under our holding in *Perryman v. Nebraska Dept. of Corr. Servs.*[7] because Schaeffer challenges DCS' "interpretation of state law," and not the validity of a rule or regulation.

Schaeffer appealed to the Nebraska Court of Appeals, which overruled DCS' motion for summary affirmance. DCS then petitioned to transfer the appeal to this court and bypass review by the Court of Appeals, because the case involved the continued validity of *Perryman*, claim preclusion after our earlier decision regarding Schaeffer's parole eligibility date, and judicial efficiency, given the volume of prisoner litigation. We granted bypass.

While this appeal was pending, Schaeffer filed a habeas action against DCS, seeking his release.[8] An appeal of the district court's decision in that case is pending.

## ASSIGNMENTS OF ERROR

Schaeffer assigns, restated and consolidated, that the district court erred in (1) dismissing his § 1983 claims on the grounds that they are subject to claim preclusion or, alternatively, barred under *Wilkinson*; (2) dismissing his APA claims on the basis of sovereign immunity; and (3) dismissing his complaint without granting him leave to amend.

## STANDARD OF REVIEW

[1-3] A district court's grant of a motion to dismiss is reviewed de novo.[9] When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which

---

[7] *Perryman v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 66, 568 N.W.2d 241 (1997), *disapproved on other grounds, Johnson v. Clarke*, 258 Neb. 316, 603 N.W.2d 373 (1999).

[8] See *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017) (court may consider other lawsuits filed by plaintiff).

[9] *Gray v. Frakes*, 311 Neb. 409, 973 N.W.2d 166 (2022).

are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.[10] The applicability of claim and issue preclusion is a question of law.[11]

[4] Sovereign immunity is jurisdictional in nature, and courts have a duty to determine whether they have subject matter jurisdiction over a matter.[12] Subject matter jurisdiction is a question of law.[13]

[5] An appellate court independently reviews questions of law decided by a lower court.[14]

## ANALYSIS

### § 1983 CLAIMS

Schaeffer argues that the district court erred in finding that his § 1983 claims regarding the discharge of his assault sentences and the accrual of good time on his murder sentence are subject to claim preclusion, because our earlier decision regarding his parole eligibility date did not address the merits of those claims. He also argues that his present claims could not have been raised in his prior action because of DCS grievance rules, requirements for administrative exhaustion, and our decision in *TFF, Inc. v. SID No. 59*.[15] DCS counters that the judgment in the prior action has preclusive effect and that Schaeffer could have brought his claims about his tentative release date in that prior action. Schaeffer and DCS also disagree as to whether Schaeffer's § 1983 claims are barred under *Wilkinson*.

---

[10] *Id.*

[11] *Hill v. AMMC, Inc.*, 300 Neb. 412, 915 N.W.2d 29 (2018).

[12] *Heist v. Nebraska Dept. of Corr. Servs.*, 312 Neb. 480, 979 N.W.2d 772 (2022).

[13] See *id.*

[14] *Id.*

[15] *TFF, Inc. v. SID No. 59*, 280 Neb. 767, 790 N.W.2d 427 (2010).

We agree with DCS that Schaeffer's § 1983 claims are subject to claim preclusion. Because we find this assignment of error to be dispositive as to those claims, we need not reach Schaeffer's other assignment of error as to *Wilkinson*. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[16]

Section 1983 provides a civil remedy for deprivations of federally protected rights caused by persons acting under color of state law.[17] The elements of, and defenses to, a § 1983 action are defined by federal law.[18] State courts are bound by definitive U.S. Supreme Court decisions or a consensus of federal court holdings on the substantive requirements of a § 1983 claim or defense.[19] Claim preclusion is an affirmative defense under federal law.[20] However, the U.S. Supreme Court has held that under the "full faith and credit" statute, 28 U.S.C. § 1738 (2018), federal courts must look to the law of the state in which a prior state court judgment was issued when determining that judgment's preclusive effect in a § 1983 action.[21] Depending on state law, this includes preclusion "not only of issues raised, but of issues that could have been raised."[22] Accordingly, we look to the Nebraska law of claim preclusion, set forth below.

[6-8] The doctrine of claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily

---

[16] *State v. Moore*, 312 Neb. 263, 978 N.W.2d 327 (2022).

[17] *Abbott v. City of Bellevue*, 310 Neb. 496, 967 N.W.2d 95 (2021).

[18] *White v. Busboom*, 297 Neb. 717, 901 N.W.2d 294 (2017).

[19] *Id*.

[20] See *Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008).

[21] See, e.g., *Allen v. McCurry*, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).

[22] *Minneapolis Auto Parts Co. v. City of Minneapolis*, 739 F.2d 408, 409 n.2 (8th Cir. 1984).

included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.[23] The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.[24] The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.[25] Whether the subsequent suit alleges the same cause of action as the prior suit is determined by whether the right to be vindicated rests upon the same operative facts; if so, the same cause of action has been alleged, even if different theories of recovery are relied upon.[26]

Claim preclusion is an affirmative defense under Nebraska law, as it is under federal law.[27] However, an affirmative defense may be asserted in a motion filed pursuant to § 6-1112(b)(6) when the defense appears on the face of the complaint, as it does here.[28] Additionally, a court may take judicial notice of ""matters of public record"" without converting a rule 12(b)(6) motion to dismiss into a motion for summary judgment.[29] Thus, the district court may, and in this case did, consider the dismissal order in Schaeffer's prior action regarding

---

[23] *Marie v. State*, 302 Neb. 217, 922 N.W.2d 733 (2019).

[24] *Id*.

[25] *Id*.

[26] *Farmers State Bank v. Germer*, 231 Neb. 572, 437 N.W.2d 463 (1989).

[27] See *Ballard v. Union Pacific RR. Co.*, 279 Neb. 638, 781 N.W.2d 47 (2010).

[28] *Salem Grain Co. v. Consolidated Grain & Barge Co.*, 297 Neb. 682, 900 N.W.2d 909 (2017).

[29] See *Ferer v. Erickson, Sederstrom*, 272 Neb. 113, 121, 718 N.W.2d 501, 508 (2006), *modified on denial of rehearing* 272 Neb. 470, 759 N.W.2d 75.

his parole eligibility date when determining that his § 1983 claims were subject to claim preclusion.

In the present case, the parties do not appear to dispute that the former judgment was rendered by a court of competent jurisdiction, the former judgment was a final judgment, and the same parties or their privies were involved in both actions. Rather, Schaeffer's argument, liberally construed, appears to be that the former judgment was not on the merits. He argues that his prior action was "decided on [a] procedural question because the determination of a parole eligibility date . . . by [DCS] did not involve a 'constitutionally protected' liberty interest."[30] He also argues that the present cause of action is different because it has a different statutory basis. Those arguments are without merit.

[9] We have previously found that for purposes of claim preclusion, a judgment on the merits is one which is based on legal rights, as distinguished from mere matters of practice, procedure, jurisdiction, or form.[31] However, Schaeffer has not cited, nor have we identified, any cases that would support viewing as procedural a judgment, like that in Schaeffer's case, dismissing an action for failure to state a claim upon which relief can be granted because the claimant failed to establish a constitutionally protected interest. To the contrary, we have previously found that a judgment of dismissal based on the claimant's failure to state a claim constitutes a judgment on the merits even where by amendments a good cause of action might be stated.[32] In contrast, judgments of dismissal for lack of personal or subject matter jurisdiction, failure to effect proper or timely service, failure to join a necessary party, or

---

[30] Reply brief for appellant at 9.

[31] *Fetherkile v. Fetherkile*, 299 Neb. 76, 907 N.W.2d 275 (2018).

[32] *Swift v. Dairyland Ins. Co.*, 250 Neb. 31, 547 N.W.2d 147 (1996); *Schieffer v. Catholic Archdiocese of Omaha*, 244 Neb. 715, 508 N.W.2d 907 (1993). See, also, *Cole v. Clarke*, 10 Neb. App. 981, 641 N.W.2d 412 (2002).

failure to prosecute have been found to constitute judgments on jurisdictional or procedural grounds.[33]

Admittedly, Schaeffer's prior complaint was dismissed without prejudice, and we have previously opined that a judgment of dismissal without prejudice does not constitute a judgment on the merits.[34] However, our earlier opinions taking this view have generally involved dismissals without prejudice on grounds other than failure to state a claim upon which relief can be granted.[35] As such, we agree with the courts in other jurisdictions which have found that a judgment of dismissal without prejudice can constitute a judgment on the merits.[36]

For example, in *Robinette v. Jones*,[37] the U.S. Court of Appeals for the Eighth Circuit found that a prior decision by a federal district court dismissing the plaintiffs' § 1983 claims precluded further litigation of the same issues in a

---

[33] *RFD-TV v. WildOpenWest Finance*, 288 Neb. 318, 849 N.W.2d 107 (2014) (lack of personal jurisdiction); *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000) (failure to serve petition); *Philpott v. Brown*, 16 Neb. 387, 20 N.W. 288 (1884) (failure to prosecute); *Jamie N. v. Kenneth M.*, 23 Neb. App. 1, 867 N.W.2d 290 (2015) (failure to join necessary party); *In re Guardianship of David G.*, 18 Neb. App. 918, 798 N.W.2d 131 (2011) (lack of subject matter jurisdiction).

[34] See, *Young v. Govier & Milone*, 286 Neb. 224, 835 N.W.2d 684 (2013); *Dworak v. Farmers Ins. Exch.*, 269 Neb. 386, 693 N.W.2d 522 (2005).

[35] *Young, supra* note 34 (dismissal at request of both parties after court approved postmarital agreements); *Dworak, supra* note 34 (dismissal in accordance with district court's case progression standards); *Durousseau v. Nebraska State Racing Commission*, 194 Neb. 288, 231 N.W.2d 566 (1975) (dismissal for procedural deficiencies); *Cinfel v. Malena*, 67 Neb. 95, 93 N.W. 165 (1903) (dismissal immediately after suit was commenced where property had been returned).

[36] See, e.g., *Duffner v. City of St. Peters, Missouri*, 930 F.3d 973 (8th Cir. 2019) (applying Missouri law); *Germain Real Estate Co., LLC v. HCH Toyota, LLC*, 778 F.3d 692 (8th Cir. 2015) (applying Arkansas law); *Turner v. First New Mexico Bank*, 2015 NMCA 068, 352 P.3d 661 (2015).

[37] *Robinette v. Jones*, 476 F.3d 585 (8th Cir. 2007) (applying Missouri law).

subsequent § 1983 action brought by the plaintiffs in state court and then removed to federal court. The plaintiffs' prior action was dismissed without prejudice on immunity grounds.[38] However, the Eighth Circuit concluded that even where a dismissal is without prejudice, """"an issue actually decided in a non-merits dismissal is given preclusive effect in a subsequent action between the same parties."""""[39]

As to Schaeffer's contention that his present action involves a different theory than his prior action, Nebraska courts have previously rejected the argument that claim preclusion can be avoided by alleging a different statutory basis or a different theory of recovery in a subsequent cause of action.[40] Schaeffer's present theory alleges a violation of substantive due process, and he cites to Neb. Rev. Stat. § 83-1,118(3) (Cum. Supp. 2022) as the basis for his claims. This is different from his prior action, where he alleged a violation of procedural due process and cited to Neb. Rev. Stat. §§ 83-1,107(4) (Cum. Supp. 2022), 83-1,110 (Reissue 2014), and 83-1,111 (Cum. Supp. 2022). However, both his prior and present actions rest on the same operative facts; namely, DCS' alleged failure to follow state law when determining his sentence. Also, both actions seek to vindicate Schaeffer's 8th and 14th Amendment rights. Thus, they are the same cause of action, even though Schaeffer alleges a different theory here.

There is also no merit to Schaeffer's argument that the DCS grievance rules, coupled with the requirements for administrative exhaustion, forced him to raise his claims regarding his parole eligibility date and his tentative release date piecemeal. DCS rules prohibit inmates from addressing more than one issue on a formal grievance.[41] However, Schaeffer

---

[38] *Id.*

[39] *Id.* at 589.

[40] See, e.g., *Farmers State Bank, supra* note 26; *Graham v. Waggener*, 219 Neb. 907, 367 N.W.2d 707 (1985); *Cole, supra* note 32.

[41] 68 Neb. Admin. Code, ch. 2, § 006.03 (2008).

has not cited any limitation in the DCS rules or elsewhere upon the number of formal grievances that an inmate may submit at one time. As such, there would not appear to have been any barrier to Schaeffer's filing grievances about both his parole eligibility date and his tentative release date simultaneously. Then, once the DCS grievance procedures had been completed, all those claims could have been addressed in the same lawsuit, assuming that the Prison Litigation Reform Act of 1995's requirements for administrative exhaustion in § 1983 actions "with respect to prison conditions" were seen to apply. [42]

Schaeffer's argument that *TFF, Inc.* [43] precluded raising his claims regarding his parole eligibility date in his prior action, because "[r]elief granted under the theory in *Schaeffer I* would have precluded . . . relief under [the] theory in this case" is similarly unavailing. [44] *TFF, Inc.* concerned the doctrine of judicial estoppel, which can bar a party from asserting a claim that is inconsistent with a prior position unequivocally asserted by that party and adopted by a court against the same or different party in a later proceeding. [45] Nothing in that opinion precludes a party from pleading alternate theories of relief in an action, so long as none of the theories is inconsistent with a previous position upon which the party obtained a judgment. To the contrary, *TFF, Inc.* expressly recognized that Neb. Ct. R. Pldg. § 6-1108(e)(2) permits parties to plead "as many separate claims or defenses as the party has regardless of consistency."

As such, Schaefer's first assignment of error is without merit.

---

[42] See 42 U.S.C. § 1997e(a) (2018). See, also, *Foulk v. Charrier*, 262 F.3d 687 (8th Cir. 2001) (discussing what constitutes action regarding prison conditions).

[43] *TFF, Inc., supra* note 15.

[44] Reply brief for appellant at 8.

[45] *TFF, Inc., supra* note 15.

APA Claims

Schaeffer argues that the district court erred in finding that his APA claims regarding Policy 104.08 are barred by sovereign immunity. He maintains that *Richardson v. Clarke*[46] "expressly rejected the 'sovereign immunity' defense in the determination of goodtime applicable to an inmate's sentence."[47] DCS counters that Policy 104.08 is not a rule or regulation "subject to suit under § 84-911."[48] We agree with DCS that the courts lack subject matter jurisdiction to hear Schaeffer's claims as to the department.

We have long recognized a state's immunity from suit as a fundamental aspect of sovereignty.[49] A suit against a state agency is a suit against the State, and as such, state agencies can assert the State's sovereign immunity against suit.[50] Suits against state officials in their official capacities are also suits against the State if they seek to compel an affirmative act that would require the official to expend public funds, although not in other cases.[51] Schaeffer sued the department, as well as several of its officers. As such, we must begin our analysis with sovereign immunity and, in particular, whether the Legislature has waived the State's immunity from suit so as to authorize Schaeffer's claims. Absent legislative action waiving sovereign immunity, a court lacks subject matter jurisdiction over an action against the State.[52]

[10,11] The specific statute upon which Schaeffer relies, Neb. Rev. Stat. § 84-911 (Reissue 2014) of the APA, provides a limited statutory waiver of sovereign immunity and

---

[46] *Richardson v. Clarke*, 2 Neb. App. 575, 512 N.W.2d 653 (1994).

[47] Brief for appellant at 34.

[48] Brief for appellees at 12.

[49] *Clark v. Sargent Irr. Dist.*, 311 Neb. 123, 971 N.W.2d 298 (2022).

[50] *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017).

[51] *Burke v. Board of Trustees*, 302 Neb. 494, 924 N.W.2d 304 (2019).

[52] *Doe v. State*, 312 Neb. 665, 980 N.W.2d 842 (2022).

confers subject matter jurisdiction for a declaratory judgment concerning the validity of a state agency's rule or regulation.[53] Further, as relevant to this appeal, the APA defines a "[r]ule or regulation" to mean "any standard of general application adopted by an agency in accordance with the authority conferred by statute."[54]

Contrary to Schaeffer's assertion, *Richardson* does not mean that "[s]overeign immunity does not apply" in the present case.[55] The *Richardson* court did not find that sovereign immunity was inapplicable in that case. Rather, the court found that § 84-911's waiver of sovereign immunity applied to that inmate's declaratory judgment action regarding which good time law applied to his sentence, because the DCS "decision" that he challenged was a "'standard issued by an agency . . . designed to implement, interpret, or make specific the law' administered by it."[56] As such, that decision constituted a rule or regulation under the APA, and the court had jurisdiction under § 84-911 to hear the inmate's suit against the department and its director.[57]

Where no rule or regulation was involved, however, we have declined to find a waiver of sovereign immunity under § 84-911, even in suits regarding an inmate's good time. For example, in *Perryman*,[58] we found no waiver under § 84-911 as to an inmate's declaratory judgment action against the department and several of its officials regarding a memorandum discontinuing the application of good time to certain sentences after the Attorney General found that that practice was inconsistent with the governing statute. Relying on *Richardson*,

---

[53] *Heist, supra* note 12.

[54] Neb. Rev. Stat. § 84-901(2) (Cum. Supp. 2022).

[55] Brief for appellant at 34.

[56] *Richardson, supra* note 46, 2 Neb. App. at 577-78, 512 N.W.2d at 655.

[57] *Richardson, supra* note 46.

[58] *Perryman, supra* note 7.

the inmate in *Perryman* argued that the memorandum constituted a rule or regulation under the APA. We disagreed.[59]

[12] We found that *Richardson* was distinguishable because the memorandum was "not a rule, regulation, or standard, but involve[d] a matter of statutory interpretation" and that § 84-911's limited waiver of sovereign immunity "does not confer jurisdiction for declaratory relief concerning judicial interpretation of a statute."[60] As such, we concluded that the courts lacked jurisdiction under § 84-911 over the inmate's claims against the department.[61] We did, however, consider whether the inmate's claims against department officials could be heard under the Uniform Declaratory Judgments Act (UDJA) because his petition could also have been construed as an action under that act.[62]

Similarly, in *Logan v. Department of Corr. Servs.*,[63] we found that § 84-911's waiver of sovereign immunity did not apply to an inmate's declaratory judgment action against the department and several of its officials, alleging that DCS "misapplied state and federal law" in interpreting his sentences. That inmate also argued that his suit was cognizable under *Richardson* because he challenged a DCS decision.[64] We again disagreed.[65] We observed that DCS' interpretation of the inmate's sentences was based on its understanding of a judicial opinion, and the inmate did not allege DCS' interpretation "related to any rule or regulation."[66] As such, we concluded that the courts lacked jurisdiction under § 84-911

---

[59] See *id.*

[60] *Id.* at 70, 568 N.W.2d at 245.

[61] *Id.*

[62] *Perryman, supra* note 7.

[63] *Logan v. Department of Corr. Servs.*, 254 Neb. 646, 652, 578 N.W.2d 44, 50 (1998).

[64] *Logan, supra* note 63.

[65] See *id.*

[66] *Id.* at 652, 578 N.W.2d at 50.

to hear his action against the department.[67] We also found
that the courts lacked jurisdiction to hear the inmate's claims
against department officials, because he sought to compel an
affirmative act, as we then understood that term.[68]

Most recently, in *Heist v. Nebraska Dept. of Corr. Servs.*,[69]
we likewise found that § 84-911's waiver of sovereign immu-
nity did not apply to an inmate's declaratory judgment action
against the department and several of its officials over Policy
104.08's provisions regarding the application of good time.
The inmate argued that Policy 104.08 constituted a rule or
regulation for purposes of the APA because its provisions
regarding the forfeiture of good time prescribed a penalty and
affected private rights.[70] We rejected this argument, instead
finding that Policy 104.08 was a "prototypical internal pro-
cedural document," insofar as it merely restated the rel-
evant statutory language regarding the forfeiture of good
time, without any substantive changes to it.[71] We further
observed that allowing the inmate to challenge Policy 104.08
under § 84-911 simply because it restated statutory penalties
would negate our holding in *Perryman* that § 84-911's limited
waiver of sovereign immunity does not "'confer jurisdiction
for declaratory relief concerning judicial interpretation of a
statute.'"[72] We then considered the inmate's UDJA claims as
they pertained to department officials, ultimately finding no
merit here.[73]

Our decision in *Heist* is dispositive of Schaeffer's APA
claims as to the department, because *Heist* found that Policy
104.08 is not a rule or regulation and, thus, not subject to

---

[67] *Logan, supra* note 63.

[68] *Id.*

[69] *Heist, supra* note 12.

[70] *Id.*

[71] *Id*. at 489, 979 N.W.2d at 781.

[72] *Id*. at 490, 979 N.W.2d at 781.

[73] *Heist, supra* note 12.

judicial review under § 84-911. Schaeffer expressly denom-
inated his claims as APA claims, unlike the inmates in
*Perryman* and *Logan*, and he did not bring any UDJA claims,
unlike the inmate in *Heist*. However, even if Schaeffer's
claims against agency officials were construed as claims
under the UDJA, they would still fail because they are subject
to claim preclusion, for the reasons previously noted. These
claims, like Schaeffer's § 1983 claims, involve the same oper-
ative facts as his prior action regarding his parole eligibility
date, seek to vindicate the same rights as were sought to be
vindicated in that action, and could have been raised there.

Schaefer's second assignment of error is without merit.

## Leave to Amend

Schaeffer argues that the district court erred in failing to
grant him leave to amend his complaint to "strike . . . any cita-
tion or reference to [Policy] 104.08 as a basis for . . . relief"
and substitute 68 Neb. Admin. Code, ch. 1.[74] The record shows,
however, that even though Schaeffer did not ask the district
court for leave to amend, the district court actually viewed
his APA claims to encompass both Policy 104.08 and 68 Neb.
Admin. Code, ch. 1. It nonetheless found Schaeffer's claims
were not cognizable under the APA, because he did not chal-
lenge the validity of Policy 104.08 or 68 Neb. Admin. Code,
ch. 1, but, rather, sought judicial interpretation of a statute.

We reach the same conclusion as the district court, albeit
for different reasons. An appellate court may affirm a lower
court's ruling that reaches the correct result, albeit based on
different reasoning.[75]

In prior cases where an appellant alleged that the trial court
abused its discretion by denying leave to amend when such
leave was not requested, we examined whether amendment
would have cured the defects in the appellant's case. For

---

[74] Brief for appellant at 36.
[75] *Florence Lake Investments v. Berg*, 312 Neb. 183, 978 N.W.2d 308 (2022).

example, in *Chaney v. Evnen*,[76] we observed the plaintiff pled that some individuals who signed a ballot initiative petition wanted to withdraw their signatures and that some petition circulators committed fraud and failed to comply with the governing statute. However, there was nothing in the record indicating that amendment would remedy the defect that the withdrawals were untimely submitted and the plaintiff's allegations of fraud were based on an incorrect understanding of the governing statute.[77]

Similarly, in *Hargesheimer v. Gale*,[78] we noted that the plaintiffs pled that given the Governor's financial and other support of a referendum, the failure to list him as a sponsor made the petition legally insufficient. However, nothing in the record indicated that amendment would remedy the defect that even if the plaintiffs' allegations about the Governor's activities were true, those activities would not establish that he "'sponsor[ed] the petition'" under the applicable statute.[79]

In Schaeffer's case, as in *Chaney* and *Hargesheimer*, there is nothing in the record to suggest that amendment would remedy the defects in Schaeffer's APA claims. The parties do not appear to dispute that 68 Neb. Admin. Code, ch. 1, is a rule or regulation. As such, Schaeffer's proposed amendment could be seen to remedy the sovereign immunity issue previously noted. However, that amendment would not remedy the defect that any claims regarding 68 Neb. Admin. Code, ch. 1, that Schaeffer might raise would be subject to claim preclusion, as discussed above. Such claims would involve the same cause of action as his prior action regarding his tentative release date and could have been raised in his prior action.

Schaefer's third assignment of error is without merit.

---

[76] *Chaney v. Evnen*, 307 Neb. 512, 949 N.W.2d 761 (2020).

[77] See *id*.

[78] *Hargesheimer v. Gale*, 294 Neb. 123, 881 N.W.2d 589 (2016).

[79] *Id*. at 135, 881 N.W.2d at 598.

## CONCLUSION

Schaeffer's claims that the district court erred in dismissing his action with prejudice and not granting him leave to amend are without merit. Accordingly, the judgment of the district court is affirmed.

Affirmed.

Freudenberg, J., not participating.