IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE ON BEHALF OF NOVALEE H. V. EVAN S.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA ON BEHALF OF NOVALEE H., A MINOR CHILD.

STATE OF NEBRASKA, APPELLEE,

V.

EVAN S., APPELLANT, AND LAURA H., APPELLEE.

Filed March 18, 2025.    No. A-24-151.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Nicholas R. Glasz and William R. Taylor, of Glasz Law, for appellant.

Laura A. Lowe for appellee Laura H.

MOORE, PIRTLE, and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

Evan S. appeals from the Lancaster County District Court's order dismissing his counterclaim against the State of Nebraska and Laura H. to establish paternity and support of Novalee H. He argues that the court's dismissal of his counterclaim violated his due process rights and that Neb. Rev. Stat. § 43-1411 (Cum. Supp. 2024) is unconstitutional. For the reasons stated herein, we affirm.

STATEMENT OF FACTS

PREVIOUS ACTION TO ESTABLISH PATERNITY

In October 2021, Evan filed a complaint in the Lancaster County District Court requesting the court enter an order establishing paternity, custody, visitation, and support of Novalee, who

was born in May 2017. Evan alleged that he and Laura were not married but that Novalee was born during their relationship; that he was Novalee's biological father; and that paternity had previously been established in 2017 when he submitted to a genetic test that established that there was a "99.99999998% probability" that he was Novalee's biological father. The district court granted Laura's motion to dismiss on the basis that the 4-year statute of limitations barred Evan's claim.

Evan appealed the dismissal of his complaint alleging that the district court erred in (1) "dismissing his complaint for lack of subject matter jurisdiction"; (2) "applying the 4-year statute of limitations set forth in § 43-1411 when paternity had already been established by the 'DNA test' which he claimed 'creates the same or greater presumption of paternity as a notarized acknowledgment of paternity'"; and (3) "that § 43-1411 violates the Nebraska and U.S. Constitutions." See *Evan S. v. Laura H.*, 31 Neb. App. 750, 990 N.W.2d 27 (2023).

In April 2023, this court, in *Evan S. v. Laura H., supra*, while noting that the statute of limitations did not affect the court's subject matter jurisdiction, affirmed the dismissal of Evan's October 2021 complaint to establish paternity, custody, visitation, and support of Novalee, finding that the 4-year statute of limitations barred his claim. This court specifically found that

> while a genetic test result may be evidence of paternity and can establish a rebuttable presumption of paternity, it is not in itself a legal determination of paternity in the same way as a signed and notarized acknowledgment of paternity may be. As such, the 4-year statute of limitations set forth in § 43-1411 applies to Evan's action to establish paternity. Unfortunately, despite knowing there was a 99.99-percent probability that he was [Novalee's] father since at least May 2017 when genetic testing was conducted, Evan waited more than 4 years to bring a paternity action, and therefore, he is now statutorily barred from doing so.

*Evan S. v. Laura H.*, 31 Neb. App. at 762, 990 N.W.2d at 36.

As to his claim that § 43-1411 was unconstitutional under both the Nebraska and U.S. Constitutions because it violated the "right of parents to 'direct the care, custody, and control of their children,'" this court found that

> Our record does not show that Evan presented this issue to the district court, at least based upon the oral arguments made at the hearing on Laura's motion to dismiss. Thus, we are not required to address the argument on appeal. *V.C. v. Casady*, 262 Neb. 714, 634 N.W.2d 798 (2001) (issues not presented to trial court may not be raised on appeal). That said, we nevertheless point out that the Nebraska Supreme Court has previously held that § 43-1411 is constitutional because it provides sufficient time for a natural parent, whether having custody of the child or not, to assert his or her rights. See *Bryan M. v. Anne B.*, 292 Neb. 725, 737, 874 N.W.2d 824, 834 (2016) (in dismissal of paternity action brought 8 years after birth of child, Supreme Court found § 43-1411 did not violate biological father's due process rights; "[r]ather than diligently and prudently attempting to establish paternity within the first 4 years after [child's] birth, [biological father] did nothing for 8 years"). See, also, *State on behalf of S.M. v. Oglesby*, 244 Neb. 880, 510 N.W.2d 53 (1994) (State's petition to establish paternity more than 12 years after child's birth permitted under

§ 43-1411 and did not violate Equal Protection Clause of either Nebraska or U.S. Constitution).

*Id*. at 763-64, 990 N.W.2d at 37.

PRESENT ACTION

In October 2023, the State of Nebraska filed a complaint to establish paternity and support in the Lancaster County District Court against Evan. In an answer and counterclaim, Evan requested that the court enter an order establishing him as Novalee's biological father; awarding him joint legal and physical custody; developing a parenting plan; and determining child support. Evan also filed a motion for temporary orders requesting the same. Laura was subsequently joined as a third-party defendant.

In December 2023, the State subsequently filed a motion to dismiss its complaint for the "reason that [Laura], mother of the minor child, completed a request for good cause which was granted by the Nebraska Department of Health and Human Services." The district court granted the State's request and dismissed the State's complaint to establish paternity and support.

Following the dismissal of the State's complaint, Evan filed a motion requesting that the court enter an order regarding his motion for temporary orders contained in his counterclaim. In response, Laura filed a motion to dismiss Evan's counterclaim for failure to state a claim upon which relief can be granted asserting that, pursuant to § 43-1411, Evan had 4 years from the birth of Novalee to file a claim to establish paternity and that more than 4 years had passed since Novalee was born in May 2017.

In February 2024, the district court dismissed Evan's counterclaim finding that:

This same cause of action was previously dismissed for lack of subject matter jurisdiction in Lancaster County District Court Case No. CI 21-4154 on March 4, 2022. The dismissal was affirmed by the Court of Appeals on April 11, 2023. The district court held and the Court of Appeals affirmed that there is no exception to the four year statute of limitations in Neb. Rev. Stat. § 43-[1]411 barring an action to establish the paternity of a child.

Evan has now appealed from the district court's order dismissing his counterclaim to establish paternity and support.

ASSIGNMENTS OF ERROR

Evan assigns (1) that the district court violated his constitutional due process rights and his rights to custody, care, and autonomy, by dismissing his counterclaim and (2) that § 43-1411 is unconstitutional.

STANDARD OF REVIEW

The determination of whether the procedures afforded to an individual comport with constitutional requirements for procedural due process presents a question of law. *Dycus v. Dycus*, 307 Neb. 426, 949 N.W.2d 357 (2020).

The applicability of claim and issue preclusion is a question of law. On a question of law, we reach a conclusion independent of the court below. *In re Masek Family Trust*, 318 Neb. 268, 15 N.W.3d 379 (2025).

## ANALYSIS

### DUE PROCESS CLAIM

Evan first contends that the district court's dismissal of his counterclaim violated his rights to due process and his constitutional right to participate in the parenting of his child. Evan contends that "[s]everal of the District Court's discretionary choices in the litigation procedure point to the conclusion that Evan was not afforded his due process in his case before the rug was pulled from beneath his feet." Brief for appellant at 12. Evan further argues that the DNA testing completed in 2017, showing Evan's parentage of Novalee with a 99.99 percent accuracy, illustrates that paternity was not an issue and had already been established and that because paternity was not an issue, the 4-year statute of limitations did not apply.

Due process principles protect individuals from arbitrary deprivation of life, liberty, or property without due process of law. *Bryan M. v. Anne B.*, 292 Neb. 725, 874 N.W.2d 824 (2016). Due process does not guarantee an individual any particular form of state procedure; instead, the requirements of due process are satisfied if a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it. *Id*. The determination of whether procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. *Id*.

The doctrine of claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Schaeffer v. Frakes*, 313 Neb. 337, 984 N.W.2d 290 (2023). The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Id*. The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Id*. Whether the subsequent suit alleges the same cause of action as the prior suit is determined by whether the right to be vindicated rests upon the same operative facts; if so, the same cause of action has been alleged, even if different theories of recovery are relied upon. *Id*.

Insofar as Evan attempts to relitigate his previous claim that his "parental due process" rights were violated and that the statute of limitations had not run on his paternity action because paternity had already been established with the DNA test, we resolved that claim in *Evan S. v. Laura H.*, 31 Neb. App. 750, 990 N.W.2d 27 (2023), and Evan is precluded from relitigating it now. For the sake of clarity, although the district court stated that the prior claim for paternity filed by Evan against Laura was dismissed for lack of subject matter jurisdiction, our court clarified that the basis for dismissal was a violation of the statute of limitations, which barred Evan's untimely filed claim. As such, the prior claim meets all the requirements of claim preclusion in that it was a judgment rendered by a court of competent jurisdiction; the former judgment was a final judgment; the former judgment was on the merits; and the same parties or their privies were involved in both actions. See *Hill v. AMMC, Inc.*, 300 Neb. 412, 915 N.W.2d 29 (2018) (holding that prior federal

case dismissed for violation of statute of limitations was judgment on merits). Similar to the district court, we reject Evan's attempt to relitigate this claim applying the doctrine of claim preclusion.

Insofar as Evan argues that his due process rights were violated by the district court during the course of the proceedings, prior to the court's dismissal of his claim that eventually applied the doctrine, we reject his contention. Specifically, Evan argues that the district court violated his due process rights by allowing the litigation process to continue for nearly 5 months despite his multiple requests for temporary orders and evidentiary hearings; that the Judges' notes reflected that a November 2023 hearing was cancelled by the court sua sponte based upon an erroneous determination that the parties had reached an agreement; that the court held only one hearing during the pendency of this case which lasted 4 minutes and yielded only four pages of transcribed dialogue; and that the court summarily granted Laura's motion to dismiss Evan's counterclaim based on affidavits from each party "with no further considerations." Brief for appellant at 12. We find Evan's arguments unpersuasive.

The concept of due process embodies the notion of fundamental fairness and defies precise definition. Due process is flexible and calls for such procedural protections as the particular situation demands. *In re Interest of A.A. et al.*, 307 Neb. 817, 951 N.W.2d 144 (2020), *supplemented by* 308 Neb. 749, 957 N.W.2d 138 (2021). Generally, procedural due process requires parties whose rights are to be affected by a proceeding to be given timely notice, which is reasonably calculated to inform the person concerning the subject and issues involved in the proceeding; a reasonable opportunity to refute or defend against a charge or accusation; representation by counsel, when such representation is required by constitution or statute; and a hearing before an impartial decisionmaker. *Yerania O. v. Juan P.*, 310 Neb. 749, 969 N.W.2d 121 (2022).

Here, there is no indication that Evan did not receive timely notice of Laura's motion to dismiss his counterclaim. A hearing was held on the motion wherein Evan was represented by counsel and had an opportunity to be heard. The district court dismissed Evan's counterclaim based upon its finding that Evan previously pursued a complaint for the same cause of action that had been dismissed for being filed outside of the applicable statute of limitations. And as it relates to any delays in the court's ruling on the motions or matters prior to that dismissal, we see nothing which amounts to a due process violation as defined by the Nebraska Supreme Court. Based on our review, there is nothing in this record that demonstrates that Evan was not afforded procedures which comport with constitutional requirements in the manner assigned and argued by Evan. Accordingly, this assignment of error fails.

We note that within Evan's argument, he provides the following single sentence: "The State knew or should have known that a similar case had already been filed and dismissed and that by refiling a new Complaint, it effectively reopened the door that was sealed by prior court action." Brief for appellant at 12. But Evan does not separately assign as error that the State's filing reopened the door to the claim previously resolved by the district court, nor does he argue or provide any authority for this proposition of law. To be considered by an appellate court, the party asserting the alleged error must both specifically assign and specifically argue the error in the party's initial brief. *Timothy L. Ashford, PC LLO v. Roses*, 313 Neb. 302, 984 N.W.2d 596 (2023). Having failed to assign or argue this proposition of law, we will not further address it.

Evan next assigns that Nev. Rev. Stat. § 43-1411 violates the equal protection clause of the Nebraska and U.S. Constitutions. Specifically, he argues that he is being denied his due process rights under both the U.S. and Nebraska Constitutions because he has a fundamental right to the care, custody, and control, of his child. He further argues that the statute sets an "arbitrary statute of limitations of four years" for which there is no reasonable basis. Brief for appellant at 15.

Although Evan's assignment of error and argument are not the same, they both attempt to address the constitutionality of § 43-1411. But as we discussed in connection with his prior assignment of error, the same claim between the same parties was previously addressed by our court in *Evan S. v. Laura H.*, 31 Neb. App. 750, 990 N.W.2d 27 (2023). And regardless if Evan is attempting to introduce nuances to his constitutional attack on § 43-1411, the doctrine of claim preclusion bars the relitigating of not only those matters actually litigated, but also those matters that might have been relitigated in the prior action. Evan's second assignment is an attempt to relitigate his claim formerly dismissed by raising matters that could have been raised in the prior proceeding and, as we noted in our prior opinion, involve issues of well-settled law. These claims fail.

## CONCLUSION

Having rejected Evan's assigned errors, we affirm the order of the district court.

AFFIRMED.